HENDRY, Judge.
Appellant-plaintiff Jessie Green seeks review of that portion of a post judgment order entered in the divorce action which denied her motion for judgment to assess damages on supersedeas or stay.
The issue presented by this appeal is: Where a final decree of divorce awards the wife a special equity in the property of the husband of one-half of his assets, but without regard to the value of such property, and the husband in appealing such decree obtains a stay of proceedings without bond, after the affirmance of such decree is the husband, in a summary post-judg *803 ment proceeding, liable in damages to the wife for a loss (or depreciation) in the market value of the wife’s one-half interest in his assets ? A related issue concerns the proper categorization, under the Florida Appellate Rules, of the final decree of divorce which awarded the wife a special equity. We resolve these issues by expressing the views that: (1) the husband is not liable in a summary post-judgment proceeding to the wife for depreciation in value of her one-half interest in his assets and, (2) the final decree of divorce awarding the wife a special equity was a “judgment other than for money,” within Rule 5.9, FAR, 32 F.S.A. The second issue will be discussed at the outset, followed by our examination of the primary issue.
On January 17, 1969, the court entered a final judgment in favor of the plaintiff-wife, appellant in this appeal, which granted her a divorce and awarded her, inter alia, special equities in all the assets of the husband. Certain securities were then being held in a joint curator’s account by the attorneys for the parties.
The husband, on January 27, 1969, filed a “motion for supersedeas or stay” of the provisions of the final judgment of divorce which required a division of the properties and which awarded the wife as a special equity, one-half of all assets of the husband. The motion looked toward the filing of an appeal in this court to review certain portions of the final judgment of divorce. The motion for supersedeas or stay alleged as grounds that more than one-half of his property was either in the joint custody of the attorneys for the husband and wife (in a curator’s account) or in the possession and control of the plaintiff-wife.
After a hearing on the motion for super-sedeas or stay, the trial court did grant the stay upon conditions. The stay order, in pertinent part, provided as follows:
« * * *
“2. * * * [Ujpon the filing of a notice of appeal * * *, the proceedings in this cause * * * are hereby stayed and particularly enforcement of the provisions of the final judgment entered in this cause on January 17, 1969, said stay to continue until the rendition of a final appellate decision, provided and conditioned upon the fact that the joint curator’s account, # 629-0206-08, in the names of * * * [attorneys for the parties], shall be retained intact and the defendant shall be permitted to trade said account and to withdraw only therefrom one-half of the dividends derived from the stock in said account. A further condition of this stay is the fact that the defendant, if he sees fit to trade the above account, shall not permit the same to be depreciated below the value of $200,000. If said account should be depreciated below $200,000 as a result of the defendant’s trading of the stocks in said account, then the defendant shall replenish said account, either with cash or with stocks equivalent thereto, so that the total value of said account shall not be less than the sum of $200,000. The stay granted by this order shall in no wise affect the division of jointly held securities and securities accounts.”
No supersedeas bond was ordered by the trial court.
The husband prosecuted an appeal to this court, Green v. Green, Fla.App.1969, 228 So.2d 112, which affirmed the final divorce decree. The Florida Supreme Court denied certiorari in March, 1970, and denied rehearing in May, 1970.
On December 8, 1969, the mandate of this court was filed. On December 11, 1969, the wife filed a petition for a protective order increasing the security and/or a supersedeas bond.
On the death of the husband his executor and administrator C.T.A., who are the present appellees, were substituted for the deceased defendant.
On November 4, 1970, the plaintiff filed the motion for judgment to assess damages *804 on supersedeas or stay, which alleged that on the date the supersedeas or stay became effective, February 19, 1969, the securities in the curatorship account had a net market value of almost $432,000, but that on May 11, 1970, the date of the Supreme Court’s denial of the husband’s petition for rehearing on his petition for certiorari, all appellate proceedings ended, and the value of the securities in the account had fallen to a net value of almost $249,000. The decrease was more than $183,000, and one-half of which, $91,500, was the damage to the plaintiff, for which she sought to recover from the executor and administrator. Later, motions of the appellees were filed, and the several motions were heard, ultimately resulting in the order herein appealed by the wife.
The appellant wife contends that the trial court erred in entering the order appealed, on the grounds that the intent of the conditions of the stay order was to avoid the expense of a supersedeas bond and to hold the husband’s interest in the curator’s account liable in the event of the depreciation which did occur. The appellant also argues that the terms “super-sedeas or stay” are synonymous terms as used in Part V of the Florida Appellate Rules, 32 F.S.A. and § 59.13, Fla.Stat., F.S.A. Appellant argues that Price v. Rome, Fla.App.1970, 237 So.2d 835, 836 controls the disposition of this appeal. On the other hand, the appellee urges that Johnson v. James H. Price & Co., Fla.App.1970, 235 So.2d 763 controls the disposition of the instant appeal.
Two fundamental principles should be noted. First, a party who desires to appeal is not obliged to seek a stay of the judgment pending appeal. Second, the whole theory of an undertaking is that the party in whose favor the judgment was rendered shall not suffer by the stay which was entered.
At early common law, different methods were employed to seek appellate review of judgments in common law actions and decrees in suits cognizable by equity. See generally, Omaha Hotel Company v. Kountze (1883), 107 U.S. 378, 2 S.Ct. 911, 27 L.Ed. 606; Crandall, Florida Common Law Practice § 508, p. 782 (1928) and Crandall, Florida Common Law Practice, 1940 Supplement, § 508.
The first issue to be determined in this appeal is whether the judgment reviewed in the earlier appeal was: (a) for the recovery of money not secured, under Rule 5.7, FAR, 32 F.S.A.; (b) for the recovery of money secured, Rule 5.8, or (c) a judgment other than for money, Rule 5.9. Florida East Coast Railway Company v. Atlantic Coast Line Railroad Company, Fla.App.1965, 178 So.2d 215, and cf. Omaha Hotel Company v. Kountz, 107 U.S. at pp. 388-389, 2 S.Ct. 911. We express the view, that the judgment reviewed under the earlier appeal was a judgment other than for money under Rule 5.9.
Next, we must resolve the primary issue on appeal, whether the husband is liable in a post-judgment summary proceeding for a decline in the market value of the property.
According to Crandall, Florida Common Law Practice, 1940 Supplement, § 508, pp. 442-443.
“The effect of an appeal with a super-sedeas is to suspend the power of the court of original jurisdiction to make any order tending toward an execution or enforcement of the judgment, order or decree appealed from. It does not interfere with the power of such court to make any order necessary for the preservation of the funds or property involved in the litigation when such orders do not tend towards an execution or enforcement of the judgment order or decree appealed from, or to place the funds or property beyond the reach or control of the judgment or decree of the appellate court.”
Mr. Justice Bradley in the Omaha Hotel case, 107 U.S. at p. 392, 2 S.Ct. at p. 923, *805 doubted that depreciation in market value can ever be laid as a cause of legal damages on a bond in error. In that case, an action on an appeal bond given for supersedeas of execution on a decree of foreclosure rendered in a circuit court and on appeal to the U. S. Supreme Court affirmed, he stated in dicta that:
“If depreciation in market value can ever be laid as a cause of legal damages on a bond in error (which we greatly doubt,) it cannot be done in this case, because it is found by the special verdict that the property considerably increased in value pending the appeal.”
It is important to note that in the instant case a special equity in the wife was declared, and would become final notwithstanding that an appeal was pending, absent a supersedeas or stay being entered. She was not awarded a money judgment. She obtained an interest in certain of her husband’s properties, which at the time of the entry of the decree were subject to control by order of the court. We express the view that the order appealed was not a supersedeas, but a stay entered upon certain conditions. In modern federal appellate practice, there is a distinction between a supersedeas, requiring a bond, and a stay, which is in the form of a motion requiring an adversary hearing after notice; compare 9 Moore, Federal Practice, |f 208.06 with ¶ 208.07(1970 ed.).
In this case, had the value of the securities increased during the pendency of the appeal by the trading of the husband, the wife would have shared in the appreciated value of the property. Likewise, since the value of the property decreased (not by the trading of the husband, but through the general decline of the stock market during that period), she should share in the decline of that property.
As this court said in Johnson v. James H. Price & Co., Fla.App.1970, 235 So.2d 763, 765, the claims herein were not actions against a surety on a supersedeas bond to recover damages for depreciation of stock during an appeal. They contained no allegations referring to a breach of the terms of the supersedeas bonds or any prayer for a judgment against the appellees as principals on the bond. Indeed, there is no supersedeas bond involved in the case sub judice. The gravamen of the claim herein is that the appellant has suffered damages as a result of an unsuccessful appeal and the creation of a curatorship account from the original judgment of distribution because the stock in the account dropped in value during the pendency of the appeal. There are no allegations of fraud, wrongful injunction, malicious obtaining the stay order, breach of any statutory duty, nor do the allegations contain ultimate facts showing appellant is entitled to the relief for which she prayed. But cf. Price v. Rome, Fla.App.1970, 237 So.2d 835, a proceeding on a motion to assess damages on a supersedeas bond. Therefore, the trial judge did not abuse his discretion in entering the order which is the subject of this appeal.
Affirmed.