HOLMES, Judge.
The circuit court determined that the ex-wife was entitled to certain accounts receivable. The appellant, bank, appeals contending the trial court erred in its action. We find no error and affirm.
We do not deem it necessary nor prudent to set out in detail the facts surrounding this appeal, nor do we elect to set out the precise manner in which the case “reached” this court. We do quote the following from the bank’s brief: “There was no testimony taken of any witnesses. There being no dispute as to the facts counsel simply argued the law for the benefit of the trial court.”
The ex-wife and her husband, Dr. Langley, were divorced in February of 1980. The following is found in the decree of divorce:
“It is also further ORDERED, ADJUDGED and DECREED by the Court that the Defendant [wife] be and hereby is awarded the accounts receivable of Dr. John 0. Langley and all monies collected from the accounts receivable presently owed to Dr. Langley.”
It is significant to note no appeal was taken from this action.
As indicated above, the ex-wife and the bank in effect both claimed the doctor’s “accounts receivable.” Furthermore, as indicated, the ex-wife prevailed and the bank, through able counsel, urges error.
The following is quoted from the bank’s brief, which for purposes of this appeal, adequately states the bank’s contention:
“Appellant respectfully asserts that the trial court’s attempt to award the accounts receivable of Dr. Langley to Ap-pellee is invalid in that Dr. Langley himself has or had no accounts receivable, but rather any accounts receivable as a result of services performed by the doctor were the receivables of ‘John 0. Langley, M.D., P.C.’. The Domestic Relations Court had no jurisdiction over Dr. Langley’s professional corporation when rendering its Divorce Decree. Dr. Langley is or was the sole shareholder of ‘John 0. Langley, M.D.,' P.C.’ and according to statute (Code of Alabama, 1975, § 10 — 4-222 and 227) and the by-laws of the corporation, only a licensed medical doctor can own stock in a professional corporation, and specifically in Dr. Langley’s corporation. However, we do not get to the *246 issue of whether Appellee could have been given the stock in The Professional Corporation as this is not what was, in fact, accomplished in the Decree of February 25,1980. The trial court purported to give the accounts of ‘Dr. Langley’ to Mrs. Langley ..., but allowed her the accounts receivable of The Professional Corporation by virtue of its final Order in the case on appeal
In view of the posture of this case and the briefs presented, the following is dispositive of this appeal:
A court of equity in a divorce case has the power to use any reasonable means to effect a just property settlement and adjust the equities between the parties. Smith v. Smith, 365 So.2d 88 (Ala.Civ.App.1978); 8 Ala.Digest, Divorce, Key No. 249(1).
The trial court in February of 1980 in the decree of divorce made its award of certain accounts receivable to the wife. In June of 1982, the order now being appealed, the trial court in essence determined the operative effect of the divorce decree of 1980. The trial court’s action, in this instance, to this court is reasonable and permissible under Smith, supra, and other cases.
The case is due to be affirmed. AFFIRMED.
WRIGHT, P.J., and BRADLEY, J., concur.