This is a divorce case.
The parties were married on October 8, 1984. Approximately five months later wife filed a petition for divorce which was subsequently granted on July 2, 1985. The *Page 744 
final decree of divorce awarded certain property to wife. It is from this property division that husband appeals.
By virtue of the July 2, 1985 decree, wife was awarded possession of all furniture, certain personal property (excluding a vehicle), and jewelry in her possession. Husband was thus divested of any and all interest in the aforementioned items and was ordered to hold wife harmless from any claims by others on said property. Husband was also ordered to pay wife the sum of $3,000 on or before a certain date to enable her to purchase suitable transportation. Wife was also awarded attorney's fees.
On appeal husband argues that the trial court abused its discretion in the property settlement provisions of the decree. As grounds for his argument he contends that the furniture awarded wife was premarital property which was improperly considered in the property division due to the short duration of the marriage. He also states that certain items awarded to wife, a chair and two fourteen karat gold pins, were gifts to him. As such, he argues, they should not have been considered as part of the property subject to distribution.
Husband also contends that the $3,000 award to wife, intended to enable her to purchase transportation, was an abuse of discretion by the trial court. He argues that the $3,000 award is inappropriate because it constitutes monetary damages, and a trial court in a domestic case does not have the authority to award such damages.
Husband's final contention is that the trial court erred by awarding certain property to wife to which he did not hold title. Specifically, he is referring to certain items of furniture and pieces of jewelry, which he claims were owned by his corporation.
The record reveals that this was the second marriage for this couple, with the first marriage having occurred on October 8, 1983 and ending on June 25, 1984. Prior to their second marriage, in September 1984, the couple resumed living together. Later that month the couple bought new furnishings for their home. Subsequently, wife disposed of her household property following the advice of husband.
During the marriage wife sold her automobile upon husband's approval. Apparently the couple had several vehicles and wife's was no longer used.
In a divorce case division of property is within the sound discretion of the trial court, and need not be equal but must be equitable. Boyd v. Boyd, 456 So.2d 85 (Ala.Civ.App. 1984). Furthermore, when the trial court hears evidence and observes the witnesses, its judgment will not be altered on appeal if it is supported by legal evidence, unless the decision is palpably wrong. Justice v. Justice, 460 So.2d 1330 (Ala.Civ.App. 1984). Moreover, a court of equity in a divorce case has the power to use any reasonable means to effect a just property settlement and adjust the equities between the parties. Merchants NationalBank v. Langley, 423 So.2d 245 (Ala.Civ.App. 1982).
Based on the above noted principles of equity, we do not find that the trial court abused its discretion in the manner in which it divided the parties' property. The wife was awarded certain items of personal property used during the parties' marriage, such as a bedroom suite, tables, kitchen utensils, etc. Some of these items replaced similar pieces of furniture brought to the marriage by the wife. The wife was also awarded some jewelry that was given to her by her husband. In addition, the court required the husband to give the wife $3,000 to obtain some kind of motor vehicle. An automobile that the wife had owned at the time of the marriage was disposed of at the suggestion of the husband because the parties had other vehicles and the one disposed of was not being used. The money awarded to the wife was a part of the property settlement between the parties and was not an award of damages, as suggested by the husband. See Makar v. Makar, 398 So.2d 717
(Ala.Civ.App. 1981); Tidwell v. Tidwell, 379 So.2d 614
(Ala.Civ.App. 1980). No error in this aspect of the case. *Page 745 
Husband's next contention is that the trial court erred in awarding the wife certain items of the jewelry that were not owned by him personally but were owned by S S Associates, a corporation. The evidence shows that on October 3, 1984 husband organized a corporation, S S Associates, a corporation, of which he is the sole shareholder. One of the assets of this corporation was a 2.4 karat diamond ring previously owned by husband. This ring was the one given to wife during the parties' first marriage and given to her again by husband in September 1984. On October 12, 1984, after the parties were married, husband bought another ring for wife.
During the trial husband argued that both rings were the property of his corporation and that he was simply allowing wife to wear them. He states that they were not gifts to wife. In support of his argument, husband introduced into evidence a document dated October 9, 1984 purportedly signed by wife. This document stated that wife was aware that all of the rings and any future jewelry purchased by husband would be the property of his corporation, and that she would have no interest in any such jewelry. Wife denied the execution of this document.
In Alabama a corporation is presumed to be a legal entity with an existence separate and distinct from its owners.Barrett v. Odom, May, DeBuys, 453 So.2d 729 (Ala. 1984). This presumption, however, will be disregarded to prevent injustice where the evidence indicates that the corporate device was organized or being used for the personal purposes of the owner.Lyons v. Lyons, 340 So.2d 450 (Ala.Civ.App. 1976). Thus, the decision to "pierce the corporate veil" or impose personal liability on a shareholder is a question of fact to be determined on a case-by-case basis. Alorna Coat Corp. v. Behr,408 So.2d 496 (Ala. 1981).
The record here supports the apparent conclusion of the trial court that the corporate form used by husband was merely a sham or subterfuge; that he was using the corporation as a device to prevent his assets from being subject to a claim by his wife. Therefore, we find no abuse of discretion by the trial court in conveying to wife property purportedly owned by the corporation.
Husband contends that the court erred in giving to the wife some items of personal property which were gifts to him. One of the items was a reclining chair that was given to him by the wife, and the other items are two 14 karat gold pins given to him and his wife by his parents.
In making an allowance to one spouse out of the estate of the other spouse, the trial court may not take into consideration property acquired by gift unless such property has been used regularly for the common benefit of the parties during their marriage. Scruggs v. Scruggs, 456 So.2d 319 (Ala.Civ.App. 1984); § 30-2-51, Code 1975.
Although the chair was given to husband by wife, the trial court could have concluded that it was used in the marital home for the common benefit of the parties during their marriage. No error here.
As to the two gold pins, they were gifts to the husband and wife. Jointly owned property can be divided by the court according to the equities of the case. See Campbell v.Campbell, 51 Ala. App. 295, 285 So.2d 105 (Ala.Civ.App. 1973). Consequently, we find no error on the part of the trial court in its award of the pins to the wife.
The judgment of the trial court is affirmed.
AFFIRMED.
WRIGHT, P.J., and HOLMES, J., concur. *Page 746