EDWARD N. SCRUGGS, Retired Circuit Judge.
This is a child custody case.
By agreement of the concerned parties, three young boys were declared to be dependent children as a result of allegations of their physical abuse by the mother’s live-in boyfriend. The children were removed from the mother’s sole custody, with their temporary legal custody being granted to the Lauderdale Department of Human Resources (department) and with temporary physical custody going to the maternal grandmother and stepgrandfa-ther. After a dispositional hearing, physical custody was transferred to the father, with legal custody being left with the department. The mother appealed, and both the mother and the department argue that the trial court abused its discretion by awarding physical custody to the father.
We have spent much more time than normal in a thorough reading and study of the helpful briefs of counsel and of all the evidence which was presented ore tenus before the trial court. There is no need or purpose to summarize the facts. While the testimony conflicted as to material facts, there was evidence which, if believed by the trial court, supported the temporary award of actual custody either to the maternal grandmother and stepgrandfather, to the mother, or to the father.
In child custody cases which are presented ore tenus to the trial court, its decision is presumed to be correct and will not be disturbed on appeal unless the decision was so unsupported by the evidence as to be palpably wrong. Myers v. Myers, 523 So.2d 413 (Ala.Civ.App.1987); Lee v. Jackson County Department of Pensions & Security, 470 So.2d 1294 (Ala.Civ.App. 1985). A trial court has a discretion to exercise where the evidence supports a custody award to either of the estranged parents, and its ruling will not be altered on appeal except for an abuse of that discretion. Where the evidence is in such posture, it is peculiarly within the prerogative of the trial court to determine which custody award is in the best interests of the minor children. Myers, 523 So.2d at 414.
Legal custody remains with the department. Since there was evidence which supported the grant of physical custody to the father, the trial court was not palpably wrong, and that award did not constitute an abuse of discretion. The order kept the three brothers together as a sibling unit, and we cannot say that such arrangement *49 was against the best interests of the boys. To reverse the trial court would be an unauthorized substitution of our opinion for that of the trial court.
We affirm.
The foregoing opinion was prepared by Retired Circuit Judge EDWARD N. SCRUGGS while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e) of the Code of Alabama of 1975, and this opinion is hereby adopted as that of the court.
AFFIRMED.
All the Judges concur.