INGRAM, Presiding Judge.
After an ore tenus proceeding, the trial court divorced the parties and, among other things, effected a division of the property. Specifically at issue here is the award to the wife of an equitable share of the marital estate in the amount of $75,000. The husband appeals.
On appeal, the husband contends that the trial court used his retirement benefits to determine the marital estate and, therefore, erred in the award of $75,000 to the wife. We disagree.
While the husband is correct that retirement benefits may not be considered as a property settlement or alimony in gross, Thompson v. Thompson, 532 So.2d 1027 (Ala.Civ.App.1988), we do not find that the trial court did include such benefits in this instance.
Clearly, the trial court’s order of divorce makes no reference to the husband’s retirement benefits as being part of the marital estate. Furthermore, the record reveals that the husband’s financial statement as of March 1988 showed his net worth to be approximately $240,000, exclusive of any retirement benefits. It also appears that the financial statement did not even include certain real property owned by the husband or certain monies transferred to a third party shortly before the parties’ separation.
In view of the above, we find no abuse of discretion by the trial court in its award of $75,000 to the wife.
The husband next contends that the trial court abused its discretion by awarding attorney’s fees to the wife. He argues that the trial court should have awarded him an attorney’s fee or alternatively should have divided the fees between the parties. We find no merit to this argument. From a review of the trial court’s order, it appears that the trial court made no such award to the wife. Therefore, each party was left responsible for his own attorney’s fees.
The wife’s request for attorney’s fees for representation on this appeal is, however, granted in the sum of $600.00.
This case is due to be affirmed.
AFFIRMED.
ROBERTSON and RUSSELL, JJ., concur.