RUSSELL, Judge.
After an ore tenus proceeding, the trial court divorced the parties, awarded periodic alimony of $300 a month for two years to the wife, and effectuated a division of the marital property. The wife appeals, contending that the award of alimony was inadequate and that the division of the marital assets was inequitable. We affirm.
The dispositive issue is whether the trial court abused its discretion in determining alimony and in the division of property.
We note that, after an ore tenus proceeding, the judgment of the trial court is presumed correct and may be set aside only when it is determined that it is plainly and palpably wrong. Euler v. Euler, 515 So.2d 710 (Ala.Civ.App.1987); Lucero v. Lucero, 485 So.2d 347 (Ala.Civ.App.1986). We further note, regarding the trial court’s discretion in the division of marital property, that a presumption of correctness attaches to the award and that the trial court will be reversed only for an abuse of that discretion. Wiggins v. Wiggins, 498 So.2d 853 (Ala.Civ.App.1986). In addition, the division of property in a divorce case need not be equal but must be equitable. Scudder v. Scudder, 485 So.2d 743 (Ala.Civ.App.1986).
In view of the numerous decisions of this court on the issue of abuse of discretion in divorce cases, we perceive no precedential value in a detailed recitation of the facts of the instant appeal. However, concerning the award of alimony, we do note that the wife’s financial statement indicates a net monthly income of $657 and expenses of $880 a month, with a request for $200 in temporary alimony, while the husband’s financial statement indicates that he has a net monthly income of $1329 and monthly expenses of $993, plus an additional $700 a month projected for the expenses of the daughter’s college education. In light of these facts, we find that the award of alimony to the wife of $300 a month for twenty-four months is not plainly and palpably wrong and thus does not warrant reversal of the trial court as to alimony.
Regarding the division of property, we note that the division of the proceeds from the sale of the marital home, if sold at its appraised value, with 74% to the husband and 26% to the wife, would provide $50,320 and $17,680 to the husband and wife respectively. The wife was additionally awarded real estate in North Carolina which the husband testified that he believed was worth $1,600 and the wife listed at $16,000 on her financial statement. Considering the wife’s higher valuation of the property, we find that the division of property is not such an abuse of discretion as to warrant reversal.
In addition, the wife argues that a $12,000 profit received from the sale of a rental house in 1988 and a $3,328 tax refund received in 1988 were retained by the *1144 husband and that they should have been considered in the division of property. However, we note that the testimony of the husband indicated that most of the proceeds from the sale of the rental house were used to repay loans and debts of the family and that these assets were no longer before the court.
Therefore, this case is due to be affirmed.
AFFIRMED.
ROBERTSON, P.J., and THIGPEN, J., concur.