ON MOTION TO REVIEW
PER CURIAM.
The former wife filed a notice of appeal from a final judgment of dissolution of marriage. Subsequently, she requested a stay pending disposition of the appeal to permit her to retain a car and to preclude her former husband from selling certain real property awarded to him. The trial court denied the stay and stated that “this Court finds that it does not have the authority to stay portions of a Final Judgment but must rather stay the entire judgment or not at all.”
Upon motion for stay pending review pursuant to Florida Rule of Appellate Procedure 9.310(a), the trial court has discretion to grant, modify or deny such relief. See All Florida Surety Co. v. Coker, 79 So.2d 762 (Fla.1955); Grabel v. Grabel, 425 So.2d 1220 (Fla. 3d DCA 1983). There is no authority prohibiting the trial court from staying a portion of the judgment; the trial court was laboring under the misconception that its discretion was limited to granting or denying a stay of the entire final judgment. See Thomas Jefferson, Inc. v. Hotel Employees Union, Local 255, 81 So.2d 731 (Fla.1955); Florida Coast Bank of Pompano Beach v. Mayes, 433 So.2d 1033, 1035 (Fla. 4th DCA 1983); e.g., Green v. Green, *727 254 So.2d 802 (Fla. 3d DCA 1971). Accordingly, we reverse the order denying the former wife’s motion to stay and remand to the trial court for reconsideration of the motion.
Motion granted; remanded.