RUSSELL, Judge.
After an ore tenus proceeding, the trial court entered a judgment divorcing William Wallace Morrow (husband) and Jane Elizabeth Morrow (wife), awarding custody of their child to the wife, ordering the husband to pay child support to the wife, and dividing the marital property. On rehearing, the court amended the original decree by awarding an additional $30,000 to the wife as a property settlement. The husband appeals. We affirm.
We note that the trial court’s judgment after an ore tenus proceeding is presumed correct and will be set aside only when it is determined to be plainly and palpably wrong. Euler v. Euler, 515 So.2d 710 (Ala.Civ.App.1987). In addition, as to the trial court’s discretion in the division of marital property, there is a presumption of correctness which attaches to the award of the property, and the trial court’s judgment will not be reversed absent an abuse of that discretion. Wiggins v. Wiggins, 498 So.2d 853 (Ala.Civ.App.1986). The trial court also has the power to effect a just property settlement and to adjust the equities between the parties by the use of reasonable means. Scudder v. Scudder, 485 So.2d 743 (Ala.Civ.App.1986). Although the division of property in a divorce case need not be equal, it must be equitable. Id.
The record indicates that the parties were married for approximately thirteen years and that on January 30, 1977, one child was born of the marriage. The wife has three other children from a previous marriage, who at times lived with the parties. The husband has two children from a previous marriage, who do not live with him and with whom he apparently has little contact.
The husband testified that, at the time of the hearing, he had been employed at Ciba-Geigy chemical company for almost nineteen years and that his take-home pay was about $2,400 a month. His income tax return indicates that his salary for 1987 was $63,018. The husband had approximately $70,000 in his investment savings with Ciba-Geigy and had withdrawn an additional $22,000 from that account prior to the hearing. He still had $17,000 of the withdrawn money, which he had placed in the credit union. The husband also testified that he inherited property in Kentucky from his family, but that his mother pays the taxes on the property. At the time of the separation he was approximately forty-six years old and had been taking courses toward a master’s degree in business.
The wife was approximately thirty-seven years old at the time of the hearing. She had worked for the past three and one-half years, earning a net amount of $277 a week as a bookkeeper. At the time of the rehearing, the wife had been laid off and was unemployed. She has completed two years of college. The wife sold her separate real property inherited from her father, and the proceeds of $17,000 were placed in a savings account. She holds a mortgage in the amount of $85,000 on the property.
The purchase of the marital home was financed with- funds from the sale of a home which the parties had previously purchased from the wife’s mother, a small amount taken from the investment savings program at the husband’s place of employment, and a mortgage on the home. The home cost $95,000, and the down-payment was $12,000. The husband testified that the payoff on the mortgage was $82,000 or $83,000.
A marriage and family therapist in a letter to the court and in her deposition stated that the child was fortunate to have two acceptable places to live. A clinical psychologist stated in a letter to the court that neither the husband nor the wife had exhibited any “extreme pathology” that would render them unfit as parents.
In its order the trial court awarded the care, custody, and control of the child to *63 the wife. The husband was granted set visitation and ordered to pay child support in the amount of $500 a month. The husband was awarded the marital house and lot and any other real estate in his name, as well as the responsibility for any indebtedness thereon, and any cash, stocks, bonds, and checking accounts solely in his name. The wife was awarded any real property in her name, and any cash, stocks, bonds, checking accounts, and promissory notes solely in her name. The court granted a motion for a new trial on the issue of additional property settlement and ordered the husband to pay the sum of $30,000 to the wife within sixty days from the date of the decree.
The husband first contends that the evidence overcomes the presumption of correctness of the trial court’s award of custody. He claims that the testimony of the experts and the wife’s alleged adultery show that the trial court abused its discretion in the award.
However, there is evidence that the husband’s inability to remain close to those he loves contributed to the breakup of the marriage. The evidence also shows that both parties are fit parents. “Where the evidence is in such posture, it is peculiarly within the prerogative of the trial court to determine which custody award is in the best interests of the minor children.” Fisher v. Fisher, 537 So.2d 47, 48 (Ala.Civ.App.1988). In our opinion, the trial court would not have been in error by awarding custody to either parent. However, in the present case the child will be able to live with her stepbrothers and stepsister, as well as have the care and interest of a parent who, the evidence indicates, loves and cares for the child. Therefore, we find that the trial court was not plainly and palpably wrong in its custody award.
The husband next contends that the trial court abused its discretion by granting the wife a $30,000 property settlement because, he claims, the wife was at fault in the breakup of the marriage and the trial court should have considered this in its division of the property. As we noted above, the evidence does not indicate that the fault lies with the wife alone.
There are other factors which the trial court could have considered in its property division. These include the length of the marriage; the age and health of the parties; their employment prospects; the source, type, and value of the property; and the standard of living enjoyed by the parties during the marriage. Morrison v. Morrison, 540 So.2d 80 (Ala.Civ.App.1989).
The court may have considered the difference in the education of the parties and the fact that, while the husband was earning $63,000 a year, the wife was no longer employed.
The evidence indicates that the parties received their own automobiles, a share of the household goods, and their own property inherited outside of the marriage. The husband received the marital residence and $17,000, which was part of the money that he withdrew from the investment savings plan. In addition, $70,000 remained in the investment savings plan.
In view of the above, we find that the trial court’s award does not indicate an abuse of discretion, that the division was equitable, and that the trial court used reasonable means to adjust the equities between the parties.
Finally, the husband contends that the trial court awarded the additional $30,-000 from the investment savings plan and that this money was not subject to a property division. The husband correctly contends that retirement benefits may not be considered as alimony-in-gross or a property settlement. They may be used as a source for periodic alimony. Robinson v. Robinson, 563 So.2d 1054 (Ala.Civ.App.1990); Kabaci v. Kabaci, 373 So.2d 1144 (Ala.Civ.App.1979).
However, the trial court makes no reference to the investment savings plan in its order awarding $30,000 to the wife. Therefore, we will not consider whether the investment savings plan is a retirement plan of the type envisioned in Kabaci, but we must first consider whether the husband had other assets from which the trial court *64 could have awarded the property settlement. Robinson, 563 So.2d 1054. While we note that the husband questions whether he will receive any cash from the sale of the marital residence, he was awarded the marital residence, which was purchased for $95,000 with a down payment of $12,000 and now has a payoff of $82,000 or $83,000. He also received $17,000 in cash. We find that there were sufficient assets from which the trial court could make the award. We further find that, in light of the salary of the husband and the unemployment of the wife, the trial court used reasonable means to adjust the equities between the parties. Scudder, 485 So.2d 743.
Based on the above, the judgment is due to be affirmed.
AFFIRMED.
ROBERTSON, P.J., and THIGPEN, J., concur.