The wife appeals from a final decree of divorce in which the trial court divorced the parties and divided the property, but did not grant periodic alimony to the wife. She contends that the trial court erred in its division of the assets and in its failure to award alimony. We affirm in part, reverse in part, and remand.
Initially, we note that when the judgment of the trial court is based on an ore tenus proceeding, it is afforded a presumption of correctness. Blankenship v. Blankenship,534 So.2d 320 (Ala.Civ.App. 1988). Furthermore, the trial court has broad discretion in determining a property settlement and in awarding alimony, and such determinations may be reversed only for an abuse of that discretion. Weatherly v. Weatherly,469 So.2d 653 (Ala.Civ.App. 1985). This court's function is not to re-weigh the evidence or to substitute our judgment for that of the trial court. Lewis v. Lewis, 494 So.2d 105
(Ala.Civ.App. 1986). Although the division of property need not be equal, it must be equitable. Scudder v. Scudder,485 So.2d 743 (Ala.Civ.App. 1986). *Page 902 
The record reveals that the parties were married on January 1, 1975, and that this is the second marriage for each of them. There were no children born of the marriage. At the time of the hearing on July 24, 1990, the wife was forty-nine years old. She became a registered nurse in 1984 and earns approximately $25,000 a year. At the time of the marriage, the wife was a real estate agent; however, she testified that she did not work during the early part of the marriage at the request of the husband. She has rheumatoid arthritis, which makes standing for long periods difficult and using "fine touch" painful. The husband was fifty-seven years old at the time of the hearing. He is a dentist and has been drawing an annual salary of $120,000 from his practice.
The parties built a home, which was valued by a real estate broker at between $378,000 and $442,000. The broker estimated that the home could be sold for between $325,000 and $340,000. The parties had home furnishings with an estimated value of $200,000.
In its judgment, the trial court stated that the home had an equity of approximately $325,000 and that the value of the husband's dental practice, which was awarded to him, was $400,000. It ordered that the home be sold at private sale within six months. If there is an offer to purchase the home, which is refused by one party and accepted by the other, the home shall be sold at public sale. If the home is not sold within six months, either party may request that the home be sold at public sale. After deducting the expenses of the sale and the balance of the mortgage (which was approximately $77,000 at the time of the hearing), the remainder of the sales proceeds is to be divided equally between the parties. All stocks were ordered to be sold and the proceeds divided equally between the parties. Each party was to retain his or her individual retirement accounts, Keogh accounts, annuities, or other retirement accounts in his or her name. The husband was ordered to pay $38,000 to the wife for alimony in gross, to be deducted from the husband's share of the proceeds from the sale of the home. Each party was awarded the automobile in his or her possession, and the remainder of the personal property was to be divided equally between the parties. The husband was to pay $7,500 to the wife's attorneys, to be deducted from his share of the proceeds from the sale of the house.
The wife claims that she was awarded a total of $316,975 in assets and that the husband was awarded $1,026,760, including the dental practice valued at $400,000 and retirement funds valued at $230,649. She further claims that the majority of the assets were accumulated during the sixteen-year marriage, that she can never expect to earn even one-fourth of what the husband earns, and that the parties enjoyed a high standard of living, accumulating almost $1,000,000 in assets. She states that, because the husband admitted seeing another woman and was an alcoholic during ten years of the marriage, he is at fault in the break-up of the marriage. She claims that the division of the assets is not only unequal, it is inequitable, and that she will be unable to continue the lifestyle to which she has become accustomed.
The wife contends that no savings were accumulated during the marriage, but that the money went into the husband's retirement accounts instead; therefore, she argues, she is entitled to a portion of the retirement funds. The husband correctly responds that retirement benefits may not be considered as alimony in gross or as a property settlement, but may only be used as a source for periodic alimony. Morrow v. Morrow, 585 So.2d 61
(Ala.Civ.App. 1991); Kabaci v. Kabaci, 373 So.2d 1144
(Ala.Civ.App. 1979). Therefore, we find that the trial court did not err in awarding the husband's retirement accounts to him.
The wife also contends that the court-ordered method of sale of the house opens the door for abuse by the husband, because, she claims, he could offer less than the valuation of the home, and if the offer is rejected, then could request a judicial sale and purchase the home at a greatly reduced cost. We find that the method of selling the home should not provide an *Page 903 
opportunity for abuse by either party and that a public sale should not be triggered where the offer is made by either the husband or the wife and rejected by the other party.
The wife further contends that the court erred in ordering the home sold and the proceeds divided after the payment of the mortgage, because, she claims, the debts of the husband's business were paid with the proceeds from the mortgage. Since she received no portion of the dental practice, the wife claims that she should not be responsible for any portion of that debt. The husband responds that the trial court apparently provided for this by awarding $38,000 to the wife. Although we note that the $38,000 was clearly termed alimony in gross, rather than a reimbursement for a portion of the mortgage debt, we do not find that it was an abuse of discretion for the trial court to order the payment of the mortgage from the sale proceeds. We further find that, although the division of property may be unequal, it is not inequitable and is not an abuse of discretion by the trial court.
The wife next contends that the trial court erred in failing to award periodic alimony to her. However, we note that she was awarded $38,000 in alimony in gross, that the parties were married for sixteen years, that there were no children born of the marriage, that she is fifty years old, and that this is the second marriage for each of them. The function of this court is not to reweigh the evidence or to substitute our judgment for that of the trial court, Lewis, 494 So.2d 105; therefore, we cannot find that the trial court abused its discretion by not granting periodic alimony.
However, in view of the wife's testimony regarding her problems with rheumatoid arthritis and the fact that the value of her disposable assets will not be known until the real estate has been sold, we find that the trial court erred in not reserving the right to award periodic alimony in the future, and we reverse on this ground.
Accordingly, the judgment of the trial court is affirmed in part and reversed in part, and the cause is remanded with instructions to enter an order consistent with this opinion.
The wife's request for an attorney's fee on appeal is granted in the amount of $500.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED WITH INSTRUCTIONS.
ROBERTSON, P.J., and THIGPEN, J., concur.