RUSSELL, Judge.
Following an ore tenus proceeding, the trial court entered a judgment divorcing the parties on the ground of adultery by the husband. The court effected a division *1110 of property, awarding the wife the majority of the contents of the marital residence, excepting a list of items awarded to the husband. The wife was also awarded $30,-000 of the $98,000 in a savings plan maintained by the husband through his employer; the balances in any bank accounts held in her name; the parties’ 1990 income tax refund in the amount of $3,311; and the proceeds from the sale of the marital residence, subject to two mortgages. She was granted exclusive use of the residence until its sale.
The trial court awarded the husband certain personal property from the marital residence; the $68,000 balance in the savings plan; two IRAs in his name (worth a total of $4,759); any receivables due from the sale of his restaurant; and a 1985 Chrysler New Yorker Fifth Avenue automobile. The court awarded each party one-half of the savings bonds accumulated during the marriage (worth approximately $5,600) and one-half of the balances in two bank accounts held in the husband’s name.
The court further ordered the husband to pay the wife periodic alimony of $150 per week, to be increased to $1,150 per month after the sale of the marital residence. Additionally, the husband was ordered to maintain a life insurance policy of at least $75,000, designating the wife as the irrevocable primary beneficiary, and to maintain health insurance for the wife under COBRA for three years from the date of the divorce. The husband was also held responsible for the payment of the two mortgages on the marital residence and for other expenses attendant to its upkeep, including utilities, until its sale. The wife was awarded an attorney’s fee of $4,252.
The husband then filed a motion for new trial, which was denied by operation of law. He now appeals, contending, inter alia, that the trial court’s award of alimony was financially oppressive and that its division of property was inequitable. We affirm.
At the outset we note that a trial court’s judgment after an ore tenus proceeding is afforded a presumption of correctness on appeal and will be set aside only if it is found to be plainly and palpably wrong. Rowe v. Rowe, 575 So.2d 584 (Ala.Civ.App. 1991). Additionally, a trial court has broad discretion in determining a property division and in awarding alimony, and such determinations may be reversed only for an abuse of discretion. Shelton v. Shelton, 595 So.2d 900 (Ala.Civ.App. 1992).
Factors that a trial court may consider when disposing of marital property or awarding alimony include the source of the parties’ property; the length of the marriage; the parties’ ages, health, and station in life; the parties’ earning abilities and probable future prospects; and, in appropriate cases, the conduct of the parties with respect to the cause of the divorce. Rabion v. Rabion, 551 So.2d 1080 (Ala.Civ. App.1989).
The record reveals that the parties were married for over thirty-six years and that three children — now ages thirty, thirty-four, and thirty-five years — were born of the marriage. At the time of trial, the wife was fifty-seven years old. She was employed as a telephone operator before and briefly during the marriage; however, she quit on her doctor’s advice during her first pregnancy and did not return to work after the birth of the child because, she testified, the husband wanted her to remain at home with the children. She was the primary caretaker for the children during the marriage. She has not been employed outside of the home for over thirty-four years, has a ninth-grade education, and possesses few marketable skills, aside from a craft hobby that she unsuccessfully attempted to develop into a business. She has never had a driver’s license and has relied on the husband and friends to provide her transportation. She suffers from diverticulitis and was hospitalized in 1987 for a nervous breakdown. She testified that she has a total of $200 in her bank accounts.
The husband was fifty-nine years old at the time of trial. He has a twelfth-grade education and is in relatively good health. He was employed with a food services company for approximately thirty-five years during the marriage, and at the time of trial held a managerial position with the company; however, in his post-trial motion *1111 he alleged that his employment had been terminated since the trial court’s judgment. The husband’s weekly gross salary at the time of trial was $730.76. He testified that his take-home pay was $371 per week; however, his weekly pay stub indicated that, after mandatory and voluntary payroll deductions, his weekly net income was $427.93. In 1988 the husband purchased a restaurant, which he operated for approximately two years before selling it in January 1991.
The evidence reveals that for the last six years of the parties’ marriage, the husband was involved in an ongoing extramarital affair with another woman. The husband does not deny this relationship, and he testified at trial that he intended to move in with the woman after his divorce, although the woman was married at the time.
The wife testified that the parties’ marriage was beset by problems from its early stages, due in part to the husband’s drinking. The husband’s drinking continued throughout the marriage, and during the last ten years, the wife said, he frequently stayed out drinking late at night. The wife indicated that although the husband had always been the material provider for the family, he had been verbally, physically, and emotionally abusive throughout the marriage. She testified to specific instances of physical abuse. The parties’ daughter testified that the husband rarely participated in family events and would frequently demean the wife in front of the children and others.
On appeal the husband first asserts that the payments ordered by the trial court, which include periodic alimony, place an undue financial burden on him. He further maintains that the trial court abused its discretion in denying his motion for new trial, particularly in view of his claim in that motion that his employment had been terminated since entry of the divorce judgment.
However, we find that the husband’s claim that his employment had been terminated could not be considered by the trial court as “newly discovered evidence” forming the basis for a new trial. To suffice as newly discovered evidence, the evidence must have been in existence on the date of the trial. Pacifico v. Jackson, 562 So.2d 174 (Ala.1990). Because the husband’s alleged termination took place after the divorce judgment was entered, it was not properly before the trial court in his post-trial. motion and will not be considered by this court on appeal.
The husband argues that even when the termination of his employment is not considered, the divorce judgment requires him to keep to a schedule of payments prior to sale of the marital residence that will result in his incurring a monthly deficiency of $307.88. The record shows that, until the residence is sold, the husband is held responsible for payments including the following: the first mortgage of $252.24 per month; the second mortgage of $730 per month; COBRA insurance premiums for the wife of $255 per month; and alimony of $150 per week.
The husband’s argument is based on his contention that his monthly net income is $1,854.36. However, we find that when the husband’s car deduction and his voluntary payroll deductions for savings bonds and his savings plan are added to his earnings, his monthly net income is actually $2,315.94. Further, $275 of the monthly expenses claimed by the husband are speculative expenses associated with upkeep of the marital residence that were first alleged in his motion for new trial and were not before the court at trial. What is more, the trial court awarded the husband approximately 70% of the $98,000 in his savings plan, which the court found to be the majority of the parties’ marital assets. The husband was also awarded various other assets. In view of the circumstances of this case, and considering the various factors relevant to property divisions and awards of alimony, see Rabión, 551 So.2d 1080, we conclude that it would certainly be as reasonable to require the husband to use his assets, if necessary, to satisfy his monthly obligations as it would be to require the wife to use her assets to support herself. ■
*1112 We would also note that while the husband’s monthly alimony obligation increases to $1,150 upon sale of the marital residence, most of the payments he is obligated for under the divorce judgment are temporary and will no longer be required once the residence is sold, or, in the case of the COBRA insurance premiums, three years after the parties’ divorce. In view of the above, we do not find the payments the husband was ordered to make to be unjust or unduly burdensome.
As for the husband’s contention that the division of property was inequitable, we disagree. As noted above, the husband was awarded $68,000 from his savings plan. The wife was awarded $30,000 from this plan. The husband was also awarded one-half of the savings bonds accumulated during the marriage, one-half of the bank accounts in his name, two IRAs, and a 1985 automobile. In comparison, the wife was awarded one-half of the savings bonds and bank accounts, a 1990 income tax refund, various items of personalty, and attorney’s fees. The wife was to receive the net proceeds from the sale of the marital residence, which had been appraised at approximately $90,000, after payment of two mortgages totalling $60,-401.06 at the time of trial. While the wife was awarded outright the bank accounts in her name, her testimony indicated that there was a total of only $200 in these accounts. The husband was held responsible for maintaining COBRA insurance for the wife for only the first three years after the divorce. The husband was also awarded any profits realized from the sale of his restaurant. While the husband testified that any amounts realized from the sale would be offset by certain business obligations, a sales/lease agreement in evidence indicated that he would actually receive some profit from the transaction.
A property division is not required to be equal, but need only be equitable considering the circumstances. Shelton, 595 So.2d 900. Certainly, the equities in this case weigh in favor of the wife. She has not worked outside the home for over thirty years and was the primary caretaker during the marriage. She has few marketable skills and is not well positioned to be thrust into the marketplace. In contrast, the husband had a reasonably stable career for over thirty years, and, whatever the current status of his employment, it is reasonable to assume that his future earning prospects are generally good. Finally, the husband’s conduct during the marriage— including his six-year affair, which continued at the time of trial — was a ground for the trial court to find that his misconduct contributed to the breakup of the marriage.
The husband has contended that the trial court erred by denying his post-trial motion, wherein he requested clarification of the provision in the divorce judgment ordering him to maintain the life insurance policy designating the wife as irrevocable primary beneficiary; requested clarification of his obligation to pay for maintenance and repairs for the marital residence; requested that he be allowed input with respect to the realtor overseeing sale of the residence; and requested that the trial court state a time certain by which the residence should be sold. He also maintains that the trial court erred by awarding an attorney’s fee to the wife. We have reviewed the relevant portions of the record and find no abuse of discretion in the trial court’s denial of the husband’s motion or in its award of an attorney’s fee.
The trial court’s judgment is due to be affirmed.
The wife’s request for an attorney’s fee on appeal is granted in the amount of $750.
AFFIRMED.
ROBERTSON, P.J., and THIGPEN, J., concur.