MONROE, Judge,
concurring specially.
I agree with the dissenting opinion that the wedding ring the husband gave to the wife is a gift and is therefore not marital property. However, I do not believe that the trial court erred in awarding the husband a property settlement of $4,700, merely because that amount happens to be the value of the ring.
The parties had been married a scant six months when the wife asked for an annulment. When they married, the parties had a child who was nearly two years old. The record shows that from the time the wife realized she was pregnant until the time she asked for an annulment, the husband provided 'her with between $25,000 and $35,000 in support. Further, the record shows that immediately after the marriage, the wife demanded that the husband pay off her accumulated debt, which totaled $6,000. The husband testified that the wife requested that he return to his job in Illinois to raise the money to pay off her debt. Before he returned to Alabama, she asked for the annulment.
, “[A] court of equity in a divorce case has the power to use any reasonable means to *513 effect a just property settlement and adjust the equities between the parties.” Scudder v. Scudder, 485 So.2d 743 (Ala.Civ.App.1986). In this case, the trial court ordered the wife to pay the husband a property settlement of $4,700. I believe that the trial court ordered a just and equitable property settlement between the parties. Therefore, I, too, would affirm the judgment of the trial court.