866 So.2d 588 (2003)
Brian C. SMITH
v.
N. Laquetta SMITH.
N. Laquetta Smith
v.
Brian C. Smith.
2011193.
Court of Civil Appeals of Alabama.
May 23, 2003.
*589 Nancy S. Gaines of Gaines & Gaines, L.L.C., Magnolia Springs, for appellant/cross-appellee Brian C. Smith.
Susan C. Conlon, Huntsville, for appellee/cross-appellant N. Laquetta Smith.
CRAWLEY, Judge.
This is the second time the parties have been before this court. Brian C. Smith ("the husband") and N. Laquetta Smith ("the wife") were divorced in March 2001. The trial court awarded the wife physical custody of the parties' two children, ordered the husband to pay child support, divided the marital assets and liabilities, and reserved jurisdiction to determine the issue of periodic alimony. The trial court determined that 64% of the husband's 401(k) retirement account at Nichols Research Corporation had been accumulated during the marriage. The court awarded the wife 32% of the balance of that account as of February 1, 2001.
The husband appealed, arguing, among other things, that the wife was not entitled to a share of his retirement benefits because the couple had not been married for 10 years at the time the divorce was filed. Deciding an issue of first impression, this *590 court agreed that, for purposes of the 10-year-marriage requirement of § 30-2-51(b)(1), Ala.Code 1975, the duration of a marriage is measured by the date of the filing of the complaint for divorce rather than by the date the judgment divorcing the parties is entered. Smith v. Smith, 836 So.2d 893 (Ala.Civ.App.2002) ("Smith I"). That opinion states:
"The husband received approximately $71,000 of marital assets compared to the wife's receipt of approximately $100,485 of marital assets. Because the entire judgment, including the division of marital assets and the failure to award periodic alimony must be considered together in order to determine whether the trial court abused its discretion, see Hanna v. Hanna, 688 So.2d 887 (Ala.Civ.App.1997), and because we are reversing the trial court's award to the wife of a portion of the husband's retirement benefits, we must remand this case with instructions that the trial court reconsider the division of the marital assets and the award of periodic alimony. Although § 30-2-51(b)(1) precludes the division of the husband's retirement benefits as marital property, the retirement benefits may be considered as a source of income to the husband from which to pay periodic alimony. See Brasili v. Brasili, 827 So.2d 813, 821 n. 9 (Ala.Civ. App.2002)."
Smith I, 836 So.2d at 900.
During the pendency of the appeal, the wife withdrew 32% of the husband's 401(k) account and had it transferred to a separate 401(k) account in her name. The amount of that withdrawal was $24,346.23. The husband did not move for a stay of execution of the trial court's judgment or file a supersedeas bond. On remand after this court's reversal of the judgment, the trial court, on July 19, 2002, ordered the wife to restore to the husband the $24,346.23 she had withdrawn from his 401(k) account. The trial court also ordered the husband to pay the wife $400 per month in periodic alimony. The trial court made no other changes in the division of marital assets and liabilities. Each party filed a postjudgment motion and requested a hearing. The trial court denied both motions without a hearing. The husband appeals; the wife cross-appeals.
The husband presents four issues on appeal. He argues that this court erred in stating that the trial court could consider his retirement benefits as a source of income from which to pay periodic alimony when, he states, he is not currently drawing those benefits. He maintains that the trial court was misled by this court's error into awarding the wife periodic alimony to compensate her for losing a share of the husband's retirement benefits. The husband also argues that the award of periodic alimony conflicts with the principle established in Ex parte Billeck, 777 So.2d 105 (Ala.2000). In addition, he contends that the trial court erred by denying his Rule 59, Ala. R. Civ. P., motion without a hearing. He maintains that, in the absence of any evidentiary showing that the wife's need for periodic alimonyor his ability to pay her periodic alimonywas greater than it had been at the time of the original divorce judgment, when the trial court reserved jurisdiction to determine the issue of periodic alimony, the trial court abused its discretion by awarding the wife periodic alimony on remand after this court's reversal. Finally, the husband claims that the trial court erred by not ordering the wife to pay 12% interest on the $24,346.23 she was ordered to restore to the husband.
On her cross-appeal, the wife argues that the trial court erred by denying her postjudgment motion without a hearing. She contends that the trial court erred by *591 ordering her to restore to the husband the $24,346.23 she withdrew from the husband's 401(k) account when, she says, she was entitled to present evidence indicating that, due to a decline in the stock market after the divorce and through no fault of her own, the value of the retirement funds at the time of the court's order on remand was only $10,953.68. Furthermore, she also alleged the following:
"5. That all Nichols [Research Corporation] employees, former and present, had to roll over or close their 401(k) account[s] (due to [a] merger with CSC), and that employees were given six (6) months to make the election to roll over or close the accounts. The [wife] was never provided with such notice and believes that the [husband] was provided with the information but did not pass it along to her.
"6. As no election was made, the [wife] received a check for $9348.35 and has been informed that $2337.07 has been paid to the Internal Revenue Service for tax and penalty. Said sum is not recoverable from the IRS.
"7. That the Order should be amended so that [the wife] returns to the [husband] $9348.28, the value of the account on the date it was closed."

I. The Appeal
The husband is 43 years old; he is not retired and has no plans to retire in the near future. He insists that this court's statement in Smith I that the trial court could consider a retirement account from which he is not currently drawing any benefits as a "source of income" from which to pay periodic alimony is erroneous. He argues that periodic alimony must be payable from current income. We agree.
"[P]eriodic alimony is defined as an allowance from the current earnings of a spouse to provide for the current and continuous support of the other[.] [I]n order to be awarded periodic alimony, the spouse seeking alimony should present evidence of the other spouse's current earnings."
P. Davis & R. McCurley, Alabama Divorce, Alimony & Child Custody Hornbook § 18-6 at 205-06 (3d ed.1993). See Hager v. Hager, 293 Ala. 47, 55, 299 So.2d 743, 750 (1974) (quoted in Daniel v. Daniel, 841 So.2d 1246, 1248 (Ala.Civ.App.2002))(stating that "`periodic alimony' is an allowance for the future support of the [recipient spouse] payable from the current earnings of the [paying spouse ]") (emphasis added); Rowe v. Rowe, 601 So.2d 1048, 1052 (Ala.Civ.App. 1992) (agreeing with a husband's argument "that future income may not be considered in setting periodic alimony" and "that only his current net earnings ... could be considered by the court").
This court first stated that a trial court could consider one spouse's retirement benefits as a source of income from which to pay periodic alimony payments to the other spouse in Kabaci v. Kabaci, 373 So.2d 1144 (Ala.Civ.App.1979), overruled on other grounds by Ex parte Vaughn, 634 So.2d 533 (Ala.1993). In Kabaci, the trial court had awarded the wife 25% of the husband's retirement income and had stated that the award was not periodic alimony. 373 So.2d at 1146. This court held that, although "Mr. Kabaci's retirement benefits can be used as a source of income from which to pay periodic alimony," there was no authority for treating an award of retirement benefits as either a property settlement or alimony in gross. Id.
The oft-repeated statement from Kabaci that "retirement benefits can be used as a source of income from which to pay periodic alimony," must be read in light of the facts in Kabaci that the husband was retired and drawing military retirement benefits. The retirement account in Kabaci, therefore, was current income to the husband. *592 See also Strong v. Strong, 709 So.2d 1259, 1260 (Ala.Civ.App.1998)(affirming an award of periodic alimony to "be deducted from the husband's [current] monthly military retirement benefits"); Murphy v. Murphy, 470 So.2d 1297, 1299 (Ala.Civ.App.1985)(holding that a retired husband's monthly military retirement pay could be considered, in a proceeding to modify periodic alimony, as a source of income from which to pay periodic alimony); Wade v. Wade, 518 So.2d 149 (Ala. Civ.App.1987) (holding that the trial court properly considered the retired husband's civil-service pension as a source of income from which periodic alimony payments to the wife could be made).
As authority for our statement in Smith I that the husband's retirement account could be considered as a source of income from which to pay periodic alimony, this court cited Brasili v. Brasili, 827 So.2d 813, 821 n. 9 (Ala.Civ.App.2002). On further reflection, we conclude that our citation to Brasili was erroneous. In Brasili, the husband, who was 32 years old and presumably years away from drawing his retirement benefits, nevertheless "conceded at trial that [his] 401(k) account could be taken into consideration in determining his separate estate and his ability to pay alimony." 827 So.2d at 821 n. 9.
In the cases on which Brasili relied for the proposition that retirement benefits could be considered as a source of income from which to pay periodic alimonyEx parte Bland, 796 So.2d 340 (Ala.2000), and Shelton v. Shelton, 595 So.2d 900 (Ala.Civ. App.1992)the husbands were also not yet drawing their retirement benefits, but they, too, conceded that those benefits could be considered as a source of income from which to pay periodic alimony. See Bland v. Bland, 796 So.2d 335, 339 (Ala. Civ.App.1999), aff'd in part, rev'd on other grounds in part, 796 So.2d 340 (Ala.2000); Shelton, 595 So.2d at 902.
In other cases containing the "retirement benefits as a source of income" statement, the payor spouse had neither retired nor conceded that his retirement account could be considered as a source of income in awarding periodic alimony. See, e.g., Schwadron v. Schwadron, 840 So.2d 915, 919 (Ala.Civ.App.2002)(stating, in a case where the husband was not currently drawing his retirement benefits, that the trial court could "tak[e] into consideration the husband's retirement accounts in determining his separate estate and his ability to pay alimony"); Morrow v. Morrow, 585 So.2d 61, 63 (Ala.Civ.App.1991)(repeating the holding from Kabaci that retirement benefits "may be used as a source for periodic alimony"). To the extent that some of this court's decisions indicate that a trial court can consider, as a source of income from which to pay periodic alimony, a retirement account from which the account holder is not currently drawing benefits, those decisions are overruled on that point. This court misapplied the law when, citing Brasili, it instructed the trial court in Smith I that the husband's "retirement benefits may be considered as a source of income to the husband from which to pay periodic alimony." 836 So.2d at 900.
On remand after reversal in Smith I, the trial court may have awarded the wife $400 per month in periodic alimony based solely on this court's repetition of the "retirement benefits as a source of income" statement and our erroneous citation to and reliance upon Brasili. We therefore reverse the trial court's judgment awarding the wife periodic alimony and remand the cause for reconsideration by the trial court. If the court determines that the wife needs support from the husband and that the husband is able to pay such support from his current income, then it may award the wife alimony. The court may *593 not, however, consider the husband's retirement accounts as sources of income from which to pay periodic alimony.
Because of our disposition of this issue, we need not address the other issues the husband raises on appeal, including his argument that the trial court's award of periodic alimony on remand after Smith I conflicts with the principle established in Ex parte Billeck, supra.

II. The Cross-Appeal
The trial court awarded the wife 32% of the present value of the husband's 401(k) account at Nichols Research Corporation. The wife then had $24,346.23 from the husband's 401(k) account transferred to a 401(k) account in her name. The husband did not move for a stay of execution of the judgment or file a supersedeas bond. After this court reversed that portion of the divorce judgment dividing the marital property, specifically holding that the wife was not entitled to any portion of the husband's retirement benefits, the trial court, on remand, ordered the wife to make restitution to the husband in the amount of $24,346.23. The wife filed a postjudgment motion and sought a hearing, arguing that there had been a decline in the value of the 401(k) account; that she did not have $24,346.23 to repay the husband; that, if the funds had remained in the husband's account, they would have suffered a similar decline in market value; and that it was inequitable to order her to repay the amount she had withdrawn from the account.
We conclude that the trial court erred in denying the wife a hearing on those issues. The wife was awarded a percentage of the husband's retirement assets without regard to its value. Upon a reversal of the award, the wife would be required to return the same percentage of the assets to the husband, regardless of its current market value. See generally Green v. Green, 254 So.2d 802 (Fla.Dist.Ct. App.1971). If, as has apparently occurred in this case, the assets have declined in market value between the time of the initial award and the time of the appellate court reversal, then the wife is not liable to the husband for the depreciation because the husband did not move for a stay of execution of the judgment or file a supersedeas bond. Id.
The other matters raised by the wife that the husband failed to notify her of the time limit for her to elect to "roll over" or close the 401(k) account in her name after Nichols Research Corporation merged with CSC and that his failure resulted in her being liable to the Internal Revenue Service for taxes and penaltiesare based on disputed questions of fact that must be resolved by the trial court.
On the appeal, the judgment is reversed and the cause is remanded to the circuit court with instructions for that court to reconsider the division of marital assets and the award of periodic alimony. On the cross-appeal, the trial court is instructed to hold a hearing on the wife's Rule 59 motion.
APPEALREVERSED AND REMANDED WITH INSTRUCTIONS.
CROSS-APPEALREVERSED AND REMANDED WITH INSTRUCTIONS.
PITTMAN and MURDOCK, JJ., concur in the result.
YATES, P.J., and THOMPSON, J., concur in the result only.
THOMPSON, Judge, concurring in the result only.
I concur in the result only as it relates to the facts of this specific case.
YATES, P.J., concurs.