This is a divorce case.
The parties to the present action were married on October 13, 1962. Five children were born during the marriage, three of whom were grown and living away from home at the time of the parties' separation on December 12, 1985.
The wife filed for divorce in the Circuit Court of DeKalb County, Alabama on December 13, 1985. On January 7, 1986 the *Page 263 
wife petitioned for pendente lite relief. On January 15, 1986 the trial court held a hearing on the wife's petition for pendente lite relief. At the close of the pendente lite hearing, the trial court awarded custody of the older son to the father and awarded custody of the younger son to the wife. Additionally, the trial court awarded the husband the marital home and ordered the husband to pay the wife $50 per week in alimony and child support.
On July 8, 1986 the trial court held a final hearing on the merits of the divorce. In the final divorce decree the trial court ordered that the parties' marital residence be sold and the proceeds used to pay off any existing indebtedness. The trial court also awarded the mother custody of the two minor children and granted the father visitation rights. The trial court ordered the father to pay $200 per month child support and $200 per month alimony. Finally, the trial court awarded the wife $1,250 against the husband as arrears for the husband's refusal to pay alimony awarded pendente lite.
From this judgment the husband appeals and contends that the trial court erred in its award of custody to the mother and in ordering him to pay outstanding amounts of alimony and child support which were in arrears.
The husband contends in brief that the trial court erred in awarding custody of both minor sons to the mother in the final decree after having awarded custody of the older son to him. The father argues that, absent evidence of a material change in circumstances, a trial court cannot modify a pendente lite order in its final decree.
As a general rule, the judgment of a trial court in a final decree following the issuance of a pendente lite order is to be determined on the basis of evidence presented to the court in support of the final decree and not on the basis of changed circumstances between the pendente lite award and the final decree. See, Sizemore v. Sizemore, 423 So.2d 239
(Ala.Civ.App. 1982). Moreover, this court has held that the issuance of a pendente lite custody order does not act to shift the burden of proof at the hearing on the final order. See, Sims v. Sims, [Ms. May 13, 1987] (Ala.Civ.App. 1987).
Therefore, the applicable burden of proof in the trial of this case was "the best interests of the child." Perry v.Perry, 460 So.2d 1324 (Ala.Civ.App. 1984). In reviewing the judgment of the trial court in matters such as child custody, this court presumes the judgment below to be correct and will reverse only when it appears that the trial court's judgment is totally unsupported by the evidence. See, Roberts v. Roberts,354 So.2d 21 (Ala.Civ.App. 1978). Based upon our review of the record, we are unable to say that the trial court erred in awarding custody of both minor children to the wife.
The husband next contends that the trial court erred in awarding a judgment for the wife for $1,250, which was the amount of alimony and child support in arrears. The husband calls our attention to the fact that the trial court, in its original pendente lite decree, ordered the husband to "pay alimony pendente lite for the support and maintenance of the plaintiff and for the support of [the younger son] for such time as he is with her, the sum of $50 per week." In its final order the trial court decreed "[t]he [husband] is in arrears in the payment of child support in the sum of $1,250 for which judgment is awarded to the [wife]." Thus, it appears that the trial court initially made a pendente lite award of alimony and child support of $50 per week, and subsequently entered judgment on the amount of the arrearage.
The evidence reveals that the husband failed to make any payments as required by the pendente lite order. The determination of a child support arrearage is another matter that is left largely within the discretion of the trial court.See, Robbins v. Robbins, 460 So.2d 1355 (Ala.Civ.App. 1984). The evidence supports the trial court's determination that the husband was $1,250 in arrears on his child support payments. For this reason the trial court's judgment with respect to the arrearage must be affirmed. *Page 264 
Therefore, we affirm the judgment of the trial court with respect to its award of custody to the wife and with respect to its determination of the husband's child support arrearage.
The wife has also asked for the award of an attorney's fee for the prosecution of this appeal. The wife's request for an attorney's fee is granted in the amount of $350.
AFFIRMED.
HOLMES and INGRAM, JJ., concur.