L. CHARLES WRIGHT, Retired Appellate Judge.
After an ore tenus proceeding, the Circuit Court of Fayette County entered a final divorce decree and ordered a division of the parties’ property. The wife appeals, contending that the trial court erred in its division of the marital property.
Initially the wife contends that the trial court erred in its disposition of the certificates of deposit.
There were seven certificates of deposit involved in this action. In answer to interrogatories and at the hearing both parties admitted that the certificates of deposit numbered 19912, 15489, 15488, 19666 and 16862, amounting to approximately $50,-000, belonged to the children, with the wife listed as either the custodian or the joint depositor. It is undisputed that all the funds in these certificates were generated from inter vivos gifts from the maternal grandmother to the wife. The maternal grandmother testified that she gave the sums of money to the wife for her “control” and for the benefit of the grandchildren. The husband testified that he was aware that the certificates of deposit existed but that he was not familiar with any of the aspects concerning them.
At trial the husband entered into evidence two more certificates of deposit numbered 12457 and 12737, each consisting of $10,000. The wife testified that these certificates were initially taken out in both their names but were subsequently changed to the children’s names because of the husband’s pending disability action.
In its order the trial court found the wife to be the sole owner of number 16862. It found the parties to be the joint owners of 19912, 15489, 15488 and 19666 and ordered an equal division of those funds. The trial court did not make a disposition of 12457 and 12737.
Where evidence is presented ore tenus, the trial court’s judgment is presumed correct unless it is so unsupported by the evidence that it is plainly and palpably wrong. Coby v. Coby, 489 So.2d 597 (Ala.Civ.App.1986). However, if there is no factual dispute, as in this instance, there is no presumption of correctness accompanying the trial court’s finding of fact. Therefore, our inquiry is limited to whether the relevant law was correctly applied to the undisputed facts. Birmingham Retirement & Relief System v. Elliott, 532 So.2d 1019 (Ala.Civ.App.1988).
*1168 We find that the money used to establish the certificates of deposit 16862, 19912, 15489, 15488 and 19666 was a gift to the wife from her mother and as such constituted her separate estate.
Whenever inheritance or gift is regularly used for the common benefit of the parties, it may be considered by the trial court in dividing property and awarding alimony. Willmore v. Willmore, 489 So.2d 594 (Ala.Civ.App.1986). Property over which a wife exercises exclusive dominion and control and from which the husband is excluded, having derived no benefit therefrom by virtue of the marital relationship, constitutes the wife’s separate estate. Wren v. Wren, 482 So.2d 1219 (Ala.Civ.App.1985).
Although there was no specific finding that the property in question was the wife’s separate estate, there is sufficient evidence in the record to warrant such a finding. The wife obviously had exclusive control of the funds as evidenced by the husband’s lack of knowledge concerning the funds. With such control the wife established five certificates of deposit for the benefit of the children. The husband received no benefit from these funds. Accordingly, we find that the trial court erred in treating the certificates of deposit numbered 19912, 15489, 15488 and 19666 as joint marital property. In the trial court’s judgment there was no reference to certificates 12457 and 12737, which are now in the names of the children. Therefore, these certificates are not involved in this appeal.
The wife next contends that the trial court erred in ordering the marital home sold and the proceeds equally divided. She asserts that the majority of the monetary contribution made toward the purchase of the home was derived from her “inheritance.”
While the origin of the marital property may be considered, along with other circumstances and factors, it is not controlling. Mack v. Mack, 389 So.2d 1156 (Ala.Civ.App.1980). Property which has been used for the common benefit of the marriage is available for division. Easterling v. Easterling, 454 So.2d 1019 (Ala.Civ.App.1984).
It is undisputed that the marital home in this case was purchased in part by funds derived from the sale of prior homes. Those homes were purchased in part with the husband’s earnings. The property was jointly owned by the parties and used to their common benefit. There was also evidence that the husband provided physical labor in the upkeep and maintenance of the home. In view of the evidence we cannot say that the trial court abused its discretion in ordering the marital home sold and the proceeds equally divided.
This case is affirmed in part, reversed in part, and remanded.
The foregoing opinion was prepared by Retired Appellate Judge L. CHARLES WRIGHT while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.
All the Judges concur.