The State of Alabama (State), on behalf of Dana Franklin (mother), filed a complaint in family court, seeking an adjudication of paternity and seeking child support. The complaint alleged that Ike Cockrell was the father of Jessica Franklin and Corderius Franklin (the children).
After a hearing, the family court dismissed the petition. The State appealed to the circuit court.
The trial in the circuit court was held before a jury. The jury found that Cockrell was the father of the children. The circuit court entered an order in accordance with the jury's verdicts.
Cockrell (father) appeals. We affirm.
Initially, we note that the State contends that the appeal in this instance is not timely filed.
Rule 4(a)(1), A.R.A.P., provides, in pertinent part, that the notice of appeal must be "filed with the clerk of the trial court within 42 days (6 weeks) of the date of the entry of the judgment or order appealed from."
The record reveals that the father filed a motion for a judgment not withstanding the verdict or, in the alternative, a motion for a new trial. This motion was denied on August 30, 1993. The father filed his notice of appeal on October 12, 1993, which was 43 days after the entry of the order denying his motion. However, we note that October 11, 1993, was a legal holiday. Consequently, the notice of appeal was timely filed.
The father raises two issues on appeal. First, he contends that the trial court erred when it failed to properly instruct the jury as to the use of blood group testing results.
The record contains the transcript of the court's instructions to the jury. Our review reveals that the father failed to object to any of the instructions that the circuit court gave to the jury. In order to preserve this issue for review on appeal, the father must have objected to that portion of the jury charge which he considered to be defective and must have specifically stated the matter to which he objected and the grounds for his objection. Record Data International, Inc.v. Nichols, 381 So.2d 1 (Ala. 1979); Rule 51, A.R.Civ.P. In view of the above, no error was committed.
In his second issue, the father contends that the trial court abused its discretion when it overruled his objections to the mother's testifying that he was the father of the children. The father argues that this is a conclusion which invaded the province of the jury.
However, the father fails to cite any authority to support this argument. It is well settled that this court is precluded from considering an issue when there is no authority cited in support of the appellate argument. *Page 905 Simmons v. Simmons, 600 So.2d 305 (Ala.Civ.App. 1992).
This case is due to be affirmed.
The foregoing opinion was prepared by Retired Appellate Judge RICHARD L. HOLMES while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
AFFIRMED.
All the Judges concur.