RICHARD L. HOLMES, Retired Appellate Judge.
Ava G. Fletcher (wife) and Kenneth C. Fletcher, Sr. (husband) were divorced in March 1994. The divorce decree adopted and incorporated by reference the parties’ agreement concerning custody, support, alimony, and division of marital property.
The parties’ agreement provided that the husband would continue to pay the mortgage on the marital home and that the wife had the right to remain in possession of the marital home until such time as the wife died, remarried, or cohabited with a member of the opposite sex. The parties’ agreement provided that upon the wife’s remarriage or cohabitation, the parties would sell the marital home forthwith and divide the net proceeds equally.
The parties’ agreement also provided for the sale of a parcel of real estate that the parties owned in Bell Oak Subdivision, with *349 equal division of the net proceeds. The parties agreed that the mortgage on this parcel of property would be paid by the husband until it sold.
In March 1995 the husband filed a petition for the sale and division of these two parcels of property.
In May 1995 the wife filed an answer, alleging that a bill for sale for division was inappropriate because, she said, it would allow the husband to side-step obligations created in the divorce decree and it would cause the wife’s interest in the two parcels to be diminished. The wife’s answer also provided that while both parcels of property had been placed on the market for sale in accordance with the provisions of the divorce decree, the parcels had not been sold at the time she filed her answer.
On September 14, 1995, the husband filed a motion to render an order of sale, alleging that although the wife had been granted ten days from the August 22, 1995, hearing on his petition in which to submit to the trial court authority in support of her position, she had failed to submit any such authority. The husband requested that the trial court grant his petition and order the sale of the property-
On September 18, 1995, the trial court issued an order granting the petition for sale. The order provided for the sale of the property to the highest bidder for cash at a public auction on October 23,1995..
The wife filed a motion to set aside, which was denied. The wife filed a notice of appeal and a motion to stay, which was granted. This case is before this court pursuant to Ala.Code 1975, § 12-2-7(6).
The dispositive issue on appeal is whether there was legally sufficient evidence to support the trial court’s order of September 18, 1995.
There is in the instant appeal no court reporter’s transcript of the evidence, no statement of the evidence, and no agreed upon statement of the case. In such a situation, this court conclusively presumes that the trial court’s judgment is supported by the testimony presented at the ore tenus proceeding. See 3 Ala.Digest, Appeal & Error, Key No. 907(2) (1993).
The wife also contends that the trial court committed reversible error and abused its discretion when it ordered a sale for division of this property when the property had previously been placed on the market for sale in accordance with the divorce decree.
However, the wife fails to cite any authority in support of this contention. It is well settled that this court is precluded from considering an issue when there is no authority cited in support of the appellate argument. Cockrell v. State ex rel. Franklin, 637 So.2d 903 (Ala.Civ.App.1994).
The judgment of the trial court is due to be affirmed.
Both parties request attorney fees on appeal. These requests are denied.
The foregoing opinion was prepared by Retired Appellate Judge RICHARD L. HOLMES while serving on active duty status as a judge of this court under the provisions of Ala.Code 1975, § 12-18-10(e).
AFFIRMED.
ROBERTSON, P.J., and THIGPEN and MONROE, JJ., concur.