RICHARD L. HOLMES, Retired Appellate Judge.
Kim Foster filed a complaint against Nancy Crews, alleging breach of contract and breach of an implied warranty in the sale of a new house. Crews filed an answer and a summary judgment motion, which was denied.
The case proceeded to a jury trial. The jury returned a verdict in favor of Foster in the amount of $35,000. The trial court entered a judgment on the verdict.
*1322 Crews filed a motion for a new trial, which alleged the following, in pertinent part:
“The court erred in advising the [jury] in the court’s charge that the septic tank system [at Foster’s house] was a part of a new system. [Foster’s] septic tank system was a used system and was not a part of new construction, and the court erred in advising the jury that it was new construction.”
After a hearing the trial court denied the motion for a new trial.
Crews appeals. On appeal Crews contends that the trial court committed reversible error when it advised the jury that an old, existing septic tank system was part of the new-construction warranty for a newly built house.
Our review of the record reveals the following pertinent facts: After retiring for deliberations, the jury returned to the courtroom with questions for the court. The first question dealt with implied warranties. The second question was, “Is the existing septic tank considered part of the new construction warranty?” The trial court answered the question in the affirmative. Then a juror asked, “If we find no fault with this contract, then is that all we decide on?” Thereafter, the trial court further instructed the jury on breach of contract and implied warranty.
After the jury returned to the jury room, the trial court polled the attorneys for Foster and Crews regarding the answers given to the questions asked. Foster’s attorney replied, “[Foster] is satisfied.” Crews’s attorney stated the following:
“[Crews] objects to the absence in the last answer to the—I’m sorry, to the answer to the last question in that the court failed to instruct the jury that the implied warranty would remain in effect without the explanation that the implied warranty did not come into effect unless they first find that the house was sold in a defective condition.”
There were no other objections stated.
It is well settled that in order to preserve an issue for review on appeal, a party must object to that portion of the jury charge that is considered to be defective and must specifically state the matter to which he objects and the grounds for his objection. Cockrell v. State ex rel. Franklin, 637 So.2d 903 (Ala.Civ.App.1994); Rule 51, Ala. R. Civ. P.
The grounds for the objection must be stated with enough specificity or precision to give the trial court sufficient opportunity to correct the instruction and to preserve the error for appellate review if the trial court does not correct the instruction. Bryant v. West Alabama Health Services, Inc., 669 So.2d 941 (Ala.Civ.App.1995).
As noted above, there was no objection made regarding the trial court’s affirmative answer to the jury’s question, “Is the existing septic tank considered part of the new construction warranty?” Consequently, the issue of whether the trial court committed reversible error when it advised the jury that an old, existing septic tank system was part of the new-construction warranty for a newly built house was not preserved for review on appeal.
The judgment is due to be affirmed.
The foregoing opinion was prepared by Retired Appellate Judge RICHARD L. HOLMES while serving on active duty status as a judge of this court under the provisions of Ala.Code 1975, § 12-18-10(e).
AFFIRMED.
All the judges concur.