The wife appeals from a final judgment of divorce. Following ore tenus proceedings, the trial judge entered a judgment divorcing Leslie and Joel Pickett and dividing their assets. Custody of the couple's 15-year-old son was awarded to the husband, and custody of their 4-year old daughter was awarded to the wife; the husband was ordered to pay $2,000 per month in child support for the minor daughter. The order further directed the husband to pay alimony to the wife for five years. The wife appeals, *Page 73 
contending that, in light of the circumstances of the divorce, her need for alimony, and the husband's ability to pay it, the trial court abused its discretion in awarding an amount of periodic alimony that she says was insufficient to meet her needs and in imposing a time limitation upon that award. We reverse and remand.
Because alimony awards are interwoven with the division of the marital assets, the entire judgment must be reviewed in order to determine whether the trial court abused its discretion in failing to award permanent periodic alimony to the wife.Montgomery v. Montgomery, 519 So.2d 525, 526 (Ala.Civ.App. 1987). We note that matters of alimony and property division rest within the sound discretion of the trial court. Mayer v. Mayer,628 So.2d 744, 745 (Ala.Civ.App. 1993). Absent an abuse of discretion on the part of the trial court, the court's ruling on those matters will not be reversed. Id. However, when the facts are undisputed, the reviewing court must determine whether the trial court correctly applied the law to those facts and whether the judgment entered was an abuse of discretion and was plainly and palpably wrong. Bayliss v. Bayliss, 575 So.2d 1117, 1120
(Ala.Civ.App. 1990). No fixed standards or mathematical formulae govern the determination of alimony or the division of property. Brand v. Brand, 444 So.2d 866, 867 (Ala.Civ.App. 1984). Instead, trial courts consider many factors in making such awards, including the earning capacities of the parties, their future prospects, their ages and health, the length of the marriage, the value and type of property involved, and the conduct of the parties pertaining to the cause of the divorce.Lutz v. Lutz, 485 So.2d 1174 (Ala.Civ.App. 1986).
The couple had been married for 16 years. When they married, the wife was employed as a registered nurse and the husband was working as a respiratory therapist. For the first 10 years of their marriage, the wife continued to work and was the family's primary wage earner, while the husband obtained his medical degree. Alter obtaining his degree, he specialized in the field of neurosurgery. In 1991, the wife stopped working outside the home, becoming a full-time homemaker and caretaker for their son and later for their daughter, who was born in 1993. The wife has not worked since 1991; her highest annual income was in 1989, when she made $24,339. The wife, aged 42, has an associate degree in nursing and the husband, aged 38, has a medical degree. The husband is engaged in the full-time practice of neurosurgery. The husband's income was $730,000 in 1996, $404,800 in 1995, and $226,424 in 1994.
The trial court's judgment divided the couple's assets, awarding the wife the marital residence, appraised at $375,000, subject to an outstanding mortgage of $300,000 and with monthly mortgage payments of $3,603. The wife was also awarded a CD with a $50,000 value, $23,000 from the husband's retirement account, $21,500 from an investment account, and a boat and trailer valued at $23,000. The husband was awarded a CD with a $50,000 value, the balance of $35,500 in the investment account, a checking account with a balance of $10,000, $23,000 in his retirement account, his twin-engine aircraft valued at $100,000 and subject to a $49,000 debt, a hang glider valued at $2,000, his partnership interest in his neurosurgery practice, valued by the husband at $5000, and his shares of stock in Bioimaging valued at $500. The judgment also awarded the husband his 1/4 partnership interest in a parcel of commercial property purchased jointly with his medical partners, and his partnership interest in SCAN Associates, both having no equity value. The husband was ordered to pay child support to the wife for their daughter Jamie, in the amount of $2,000 per month. The husband was ordered to pay the wife $4,500 alimony per month for 60 months; the court reserved the issue of periodic alimony after that 60-month period. In addition, the husband was ordered to pay expenses incurred by the wife for college tuition and books for a period of 5 years following the date of the judgment.
We conclude that the trial court abused its discretion in limiting the wife's award of periodic alimony to 60 months. The wife is the custodial parent of a 4-year-old; this child will require much of her mother's time and attention for many years to come. *Page 74 
While we agree that a college degree would certainly benefit the mother and enhance her prospects for future employment, there is no evidence that she would be able to secure employment with an income sufficient to enable her to be totally self-sufficient within the 60-month period. We note that the court did reserve the issue of alimony for the time following the expiration of the 60-month period. Nevertheless, we find it inequitable to require the wife to seek a modification to extend the alimony requirement in the event she finds herself financially unable to meet her expenses, after termination of the alimony obligation. We believe the more judicious approach requires an award of periodic alimony without a time limitation. If the wife secures employment and becomes self-sufficient, the husband will be free to seek a modification of this award based on changed circumstances. We therefore hold that it was reversible error for the trial court to impose a time limitation on the award of periodic alimony.
We further find that the amount of periodic alimony awarded was insufficient to meet the needs of the wife. The purpose of alimony is to preserve, as far as practical, the economic status quo the parties enjoyed during the marriage. Albertson v.Albertson, 678 So.2d 118 (Ala.Civ.App. 1995); Kuhnel v. Kuhnel,535 So.2d 164 (Ala.Civ.App. 1988); Carnaggio v. Carnaggio,475 So.2d 861 (Ala.Civ.App. 1985). Further, where the needs of the wife and the ability of the husband to pay are undisputed, the failure to award alimony is arbitrary and capricious. Kuhnel, supra, at 165. During the 6 years preceding the divorce, the couple resided in a luxurious 5,000-square-foot house and enjoyed a lifestyle in which the wife served as a full-time homemaker and caretaker of the children. The family was accustomed to spending leisure time flying in their private airplane or boating on the lake. The husband unilaterally chose to initiate this divorce action and, without adequate periodic alimony, the wife will suffer a drastic reduction in lifestyle.
Considering the length of the marriage, the great disparity in earning potential between the parties, and the wife's significant contribution in providing support for the family while the husband established his medical career, we conclude that the court erred in making its award of periodic alimony. The wife is charged with the responsibility of making the monthly mortgage payment of $3,603 and making a monthly automobile lease payment of $450, in addition to paying for medical and automobile insurance totaling $300 per month, utilities at an average of $200 per month, and other customary household essentials. The amount awarded by the trial court is clearly inadequate to meet these needs. In Alabama, a professional degree acquired by one spouse is not considered a marital asset for purposes of property division. Jones v. Jones, 454 So.2d 1006 (Ala.Civ.App. 1984). Nonetheless, the possession of such a degree and the practice of a profession may be considered a marital asset to the extent that it produces income from which alimony or child support may be paid. Id. Here, the wife, although she has a nursing degree, is not currently licensed in the state of Alabama and has not worked in over five years. In comparison, the husband has experienced dramatic income increases over the last five years and his future earning potential is excellent. It is undisputed that the husband, with a monthly income of over $60,000, is able to pay alimony in an amount sufficient to meet the financial needs of the wife. The judgment is therefore due to be reversed and the cause remanded for the trial court to award periodic alimony in an amount sufficient to meet the current financial needs of the wife. If circumstances later change, either party will be free to seek a modification.
Accordingly, the judgment is reversed and the cause is remanded for the trial court to remove the time limitation and to make an adequate award of periodic alimony.
REVERSED AND REMANDED.
MONROE, J., concurs.
YATES and CRAWLEY, JJ., concur in the result.
ROBERTSON, P.J., dissents. *Page 75