796 So.2d 335 (1999)
Sheri Denise BLAND
v.
Michael Steven BLAND.
2980373.
Court of Civil Appeals of Alabama.
July 2, 1999.
Rehearing Denied September 24, 1999.
*336 Donna Armstrong Bland, Montgomery, for appellant.
Melissa C. Bowen, Prattville, for appellee.
MONROE, Judge.
The parties married in May 1985, and two children were born of the marriage, a daughter born in August 1989 and a son born in November 1990. In February 1998, Sheri Denise Bland ("the wife") sued Michael Steven Bland ("the husband") for a divorce.
After a trial, the court entered a judgment divorcing the parties, dividing the marital assets and debts, and awarding physical custody of the children to the husband, with visitation rights vested in the wife. The wife filed a post-judgment motion, which the court granted in part and denied in part. The wife appeals.
The trial court's order stated, in part:
"The parties shall exercise the care, custody, and control of the minor children *337 jointly, with physical custody to be with the Husband.... The court finds that it is in the best interest of the children to be in the physical custody of the Husband since he is better able to control and take care of the children."
When considering custody matters in a divorce action, the trial court must determine what would be in the best interests and welfare of the children. Baine v. Baine, 510 So.2d 262 (Ala.Civ. App.1987). When the evidence has been presented ore tenus, this court will presume that the trial judge, who observed the witnesses and listened to all of their testimony, correctly determined what would be in the children's best interests. Smith v. Smith, 448 So.2d 381 (Ala.Civ. App.1984).
The wife contends that the trial court erred in awarding physical custody of the minor children to the husband. She maintains that the trial court should have awarded their custody to her because, she says, she has always been the primary caretaker of the children, and, she says, the husband, a pilot in the United States Air Force, has frequently been absent from the children's lives. However, the court heard evidence that the husband was an attentive father and an effective disciplinarian and that although he was stationed in Korea from September 1996 to September 1997, he had made numerous efforts during that time to stay in touch with his family. Additionally, the court heard evidence that supported its finding that the husband was "better able to control and take care of the children." Thus, the custody portion of the trial court's judgment is affirmed.
The wife also contends that the trial court abused its discretion in fashioning the visitation schedule. As this court stated in Ladewig v. Moxley, 589 So.2d 738, 739 (Ala.Civ.App.1991):
"The determination of visitation rights for the noncustodial parent is a matter which rests within the discretion of the trial court. The trial court's primary consideration in exercising its discretion in awarding visitation must be the best interests and welfare of the child."
(Citations omitted.) The wife points out that in a pendente lite order the court awarded the husband visitation every other weekend, with six weeks in the summer, while in the final order the court awarded her visitation for one weekend per month, with four weeks in the summer. The husband was stationed in Valdosta, Georgia, and the wife and minor children were living in Prattville, Alabama, when the trial court issued both the pendente lite order and the final order. The wife argues that she should be allowed an opportunity to maintain a meaningful relationship with her children and, thus, should be awarded the same visitation awarded the husband in the pendente lite order. We agree that the record suggests no reason to award the wife such limited visitation. Therefore, we hold that the trial court abused its discretion in awarding the wife such limited visitation, and we reverse the visitation portion of the trial court's judgment. On remand, the trial court is to reconsider the issue of summer visitation.
The wife also contends that the trial court erred (1) when it ordered that "[u]pon the sale of the [marital] home, the Husband shall be awarded the first $76,000.00 from the sale, and the parties shall divide the remainder of the proceeds equally after deducting the selling expenses and paying off the [debt on the] security system"; (2) when it ordered the husband to pay the wife only $250 per month in periodic alimony; and (3) when it ordered:

*338 "At [the husband's] retirement [from the Air Force], 25% of his retirement or $250.00 per month, whichever is greater, shall be paid to the Wife. More specifically, as periodic alimony, the Husband shall pay to the Wife Two hundred fifty and 00/100 dollars ($250.00) per month, commencing on the first day of the first month in which the Husband receives his military retirement income. Said amount is based on 25% of his current grade of Lieutenant Colonel retirement eligible gross income.... Should the Wife marry or co-habit with a member of the opposite sex, the alimony shall automatically terminate."
The wife contends that the trial court erred in regard to the amount of military retirement it awarded (only 25%) and in labelling the award as periodic alimony rather than as an equitable division of the marital property. "On appeal, issues of alimony and property division must be considered together, and the trial court's ruling will not be disturbed unless the ruling is a plain and palpable abuse of discretion." Brasfield v. Brasfield, 679 So.2d 1091, 1094 (Ala.Civ.App.1996).
The husband inherited $76,000 from his father, but this money can no longer be considered the husband's separate estate because, in 1993, the parties used the husband's inheritance (plus some additional funds from their savings) to purchase the marital home. The parties owned the marital home free and clear. Because the husband's inheritance was regularly used for the common benefit of the parties during their marriage, we conclude that the trial court abused its discretion by failing to consider all of the proceeds from the sale of the marital home as being available for division; the marital home was the major asset of the parties. Smith v. Smith, 571 So.2d 1166 (Ala.Civ. App.1990); § 30-2-51, Ala.Code 1975. Consequently, that portion of the trial court's judgment dividing the parties' property is due to be reversed. On remand, the court is to make a property division consistent with this opinion.
The wife also argues that the trial court abused its discretion in determining the amount of periodic alimony awarded the wifeboth before and after the husband's retirement from the Air Force. The trial court ordered the husband to pay the wife periodic alimony in the amount of $250 per month and ordered the wife to pay the husband child support in the amount of $230.67 per month. The pendente lite order had required the husband to pay the wife $1,000 per month in spousal support.
The wife testified that although she had obtained a degree in education, she was not certified to teach; that it would take her approximately 2 to 3 years to become certified; and that she was working toward becoming certified. The wife also testified that, at the husband's insistence, she had not worked outside the home during the majority of the parties' 13 years of marriage. She testified that after the birth of the children, she had not worked outside the home until February or March 1996, when she began working at a KinderCare daycare facility.
At the time of the hearing, the wife was working at another daycare facility, known as Learning Tree, and was grossing $280 per week or approximately $1,200 per month. The wife also has a business known as "Creative Memories"; this business has lost money. The husband's gross monthly income was approximately $6,400. At trial, the wife testified that her estimated monthly living expenses totaled approximately $3,500. On appeal, the wife admits that these figures presumed that she would have custody of the minor children, but she contends that even after expenses *339 related to the children are subtracted her estimated monthly living expenses still total over $2,500.
In Pickett v. Pickett, 723 So.2d 71, 74 (Ala.Civ.App.1998), the court stated:
"We further find that the amount of periodic alimony awarded was insufficient to meet the needs of the wife. The purpose of alimony is to preserve, as far as practical, the economic status quo the parties enjoyed during the marriage."
Given the evidence set out above, we reverse that portion of the judgment dealing with periodic alimony. On remand, the court is to enter a periodic-alimony order consistent with this opinion.
As previously noted, the trial court ordered that upon the husband's retirement from the Air Force, "25% of his retirement or $250.00 per month, whichever is greater, shall be paid to the Wife ... as periodic alimony," and that this award would automatically terminate if the wife remarried or cohabited with a member of the opposite sex. Thus, the trial court awarded the wife a percentage of the husband's military retirement benefits as periodic alimony. (There was no evidence presented at trial regarding the amount of the husband's retirement income.)
The wife, relying upon Ex parte Vaughn, 634 So.2d 533 (Ala.1993), contends that the trial court erred in labelling the award of 25% of the husband's military retirement as periodic alimony (which could be terminated) instead of as alimony in gross or as an equitable division of the marital property. In Ex parte Vaughn, 634 So.2d at 536, our supreme court stated, "We hold that disposable military retirement benefits, as defined by 10 U.S.C. § 1408(a)(4), accumulated during the course of the marriage constitute marital property and, therefore, are subject to equitable division as such."
The husband correctly points out that "there is nothing in Vaughn or its progeny requiring that military retirement be included as alimony in gross." As our supreme court stated in Ex parte Vaughn, 634 So.2d at 536, "It is obvious that the USFSPA [10 U.S.C. § 1408] does not mandate, but rather, authorizes, state courts to consider military retirement benefits as marital property, and thus, subject to equitable division." The husband also correctly points out that "[i]t is still the law in Alabama that `... military retirement benefits may be considered a source of income from which to pay periodic alimony.' Strong v. Strong, 709 So.2d 1259, 1261 (Ala.Civ.App.1998)." In light of the foregoing, we also reverse that portion of the trial court's judgment dealing with the military retirement benefits so that on remand the trial court may revisit the issue and have before it all components necessary to fashion an equitable judgment settling all issues between the parties.
The wife also contends that the trial court erred in requiring her to pay the MasterCard credit-card debt of approximately $2,100. The evidence indicated the following: Although the card is in the husband's name (because he was the family's wage earner), the wife was the only one who used the card. The husband testified that he does not believe in using credit cards, but that he reluctantly agreed to apply for the card so that the wife could use the card in her Creative Memories business. The wife contends that the husband should have some responsibility for the debt because, she says, many of the charges were for household expenses. However, during the period of time when the charges were made, the parties did not have either a house payment or an automobile payment and the husband gave the wife sufficient funds to use in operating *340 the household. Consequently, we affirm this portion of the trial court's judgment.
The wife contends that the trial court erred in not making a determination with reference to the husband's life insurance policies. Specifically, the wife contends that the trial court should have required the husband to name the parties' minor children as beneficiaries of his life insurance policies. However, because the wife cites no authority to support her argument, this court is precluded from considering this issue. Cockrell v. State ex rel. Franklin, 637 So.2d 903 (Ala.Civ.App. 1994).
The judgment is affirmed in part and reversed in part and the cause is remanded with instructions. The wife's request for an attorney fee is granted in the amount of $1,500.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED WITH INSTRUCTIONS.
ROBERTSON, P.J., and YATES and THOMPSON, JJ., concur.
CRAWLEY, J., concurs in part and dissents in part.
CRAWLEY, Judge, concurring in part and dissenting in part.
I concur with the reversal of the property division and the affirmance of the custody determination. I also concur with the reversal of the alimony provisions, because the trial court will need to reconsider its entire award, including its award of retirement benefits as either alimony in gross or periodic alimony, when refashioning an equitable property division on remand.
I must, however, respectfully dissent from the reversal of the visitation portion of the judgment. The trial court has a wide degree of discretion in visitation matters, and a visitation order based upon ore tenus evidence will not be overturned absent a clear and palpable abuse of the trial court's discretion. See Flanagan v. Flanagan, 656 So.2d 1228, 1230 (Ala.Civ.App. 1995); Anonymous v. Anonymous, 620 So.2d 43, 44 (Ala.Civ.App.1993). The majority apparently believes the trial court was required to award the wife post-trial the same visitation it had awarded to the husband pendente lite. Very little evidence, if any, is normally presented at pendente lite hearings, and I do not believe a pendente lite order is somehow binding on the judge who grants it. The record does not include a transcript of the pendente lite hearing, so I know of no reason why this court should reverse the judge for what the majority calls his "inconsistent" visitation orders. After a full hearing, the trial court determined that visitation with the mother for four weeks in the summer and one weekend a month would be sufficient and in the children's best interest. I cannot hold that the trial court abused its discretion in this regard, so I would not disturb the trial court's visitation schedule.