796 So.2d 340 (2000)
Ex parte Michael Steven BLAND.
(In re Sheri Denise Bland v. Michael Steven Bland).
1990048.
Supreme Court of Alabama.
June 16, 2000.
Rehearing Denied September 1, 2000.
*342 Melissa C. Bowen, Prattville, for petitioner.
Donna Armstrong Bland, Montgomery, for respondent.
MADDOX, Justice.
Sheri Denise Bland sued her husband, Michael Steven Bland, in the Autauga Circuit Court, for a divorce. Following a trial, the judge entered a judgment divorcing the parties, awarding custody of the couple's two children to the father, dividing the couple's marital property, and awarding child support to the husband and periodic alimony to the wife. The Court of Civil Appeals affirmed the trial court's judgment in part, reversed it in part, and remanded the case. Bland v. Bland, 796 So.2d 335 (Ala.Civ.App.1999). The husband petitioned for certiorari review, which we granted. We affirm in part, reverse in part, and remand.

I. Facts and Procedural History
The husband and wife were married for approximately 13 years before the wife sued for a divorce. During most of that time, the wife did not work outside the home. Although she earned a degree in education, she is not yet certified to teach school. Two children were born during the marriage. The husband now lives in Valdosta, Georgia, and the wife lives in Prattville. For a more detailed statement of the facts, see the opinion of the Court of Civil Appeals.
The trial court awarded the husband custody of the couple's children. The court also ordered (1) that the first $76,000 from the sale of the marital home be awarded to the husband, in compensation for inheritance money he had used to purchase the home; (2) that the husband pay the wife $250 a month in alimony; (3) that the wife receive 25% or $250, whichever is greater, from the husband's monthly military-retirement benefits when he begins receiving those benefits; (4) that the wife pay the husband $230.67 a month in child support; and (5) that the wife pay approximately $2,000 owed on a credit card issued *343 in the husband's name but used primarily by the wife. The Court of Civil Appeals affirmed the custody order and that part of the judgment relating to the credit-card debt. However, the court reversed the visitation order and the orders concerning child support, alimony, and division of property.

II. Discussion
When this Court grants a petition for certiorari review, it limits its review to the issues raised in the petition. Ex parte Franklin, 502 So.2d 828, 828 n. 1, (Ala.1987); Ex parte Thaggard, 276 Ala. 117, 119, 159 So.2d 820, 822 (1963). The wife did not petition this Court for certiorari review, and the husband's petition did not request this Court to review that portion of the Court of Civil Appeals' judgment granting him physical custody of the children. Therefore, the issue of custody is not before this Court.
The husband raises the following issues in his petition: (A) whether the Court of Civil Appeals erred in reversing that portion of the trial court's judgment concerning the period of the wife's visitation with the children; (B) whether the Court of Civil Appeals erred in reversing the trial court's distribution of the proceeds from the sale of the marital home; (C) whether the Court of Civil Appeals erred in reversing the trial court's award of periodic alimony; (D) whether the Court of Civil Appeals erred in reversing the award of a portion of the husband's anticipated military-retirement benefits; and (E) whether the Court of Civil Appeals erred in granting the wife an attorney fee of $1,500. We will address each issue in turn.

A. Visitation
The husband argues that the Court of Civil Appeals erred in reversing the trial court's visitation order. The Court of Civil Appeals noted that the trial judge had entered a pendente lite order granting the husband visitation every other weekend and six weeks during the summer and that the final order granted the wife visitation for only one weekend a month and four weeks in the summer. The Court of Civil Appeals stated that "the record suggests no reason to award the wife such limited visitation." 796 So.2d at 337. The Court directed: "On remand, the trial court is to reconsider the issue of summer visitation." 796 So.2d at 337.
It is well settled that trial judges enjoy broad discretion in fashioning divorce judgments. We have held:
"In reviewing the trial court's judgment in a divorce case presented ore tenus, we will presume the judgment to be correct until it is shown to be plainly and palpably wrong or unjust. Brannon v. Brannon, 477 So.2d 445 (Ala.Civ.App. 1985); Nowell v. Nowell, 474 So.2d 1128 (Ala.Civ.App.1985); Stricklin v. Stricklin, 456 So.2d 809 (Ala.Civ.App.1984). The trial court is given broad discretion in a divorce case and its decision will not be overturned unless it is unsupported by the evidence or is otherwise palpably wrong. Stricklin, 456 So.2d 809, 810. Issues involving alimony and the payment of marital debts are within the sound discretion of the trial judge in a divorce action. The judge's ruling on these matters will not be disturbed unless it is a plain and palpable abuse of discretion. McCluskey v. McCluskey, 495 So.2d 66 (Ala.Civ.App.1986); Hall v. Hall, 445 So.2d 304 (Ala.Civ.App.1984)."
Ex parte Jackson, 567 So.2d 867, 868 (Ala. 1990). The determination of proper visitation, therefore, is within the sound discretion of the trial court, and that court's determination should not be reversed by an appellate court absent a showing of an abuse of discretion. The simple fact that the trial judge's final order reduced visitation *344 of the noncustodial parent from six weeks in the summer to four weeks, and from every other weekend to one weekend a month, is not sufficient to find that the trial court abused its discretion. A pendente lite order is, by its nature, temporary. Further, the final order was entered after the trial court had received a substantial amount of evidence. Accordingly, we reverse that portion of the judgment of the Court of Civil Appeals reversing the trial court's visitation order.

B. Property Division
The husband argues that the Court of Civil Appeals improperly reversed the trial court's order regarding the proceeds from the sale of the marital home. The trial judge had ordered that "[u]pon the sale of the [marital] home, the Husband shall be awarded the first $76,000.00 from the sale, and the parties shall divide the remainder of the proceeds equally after deducting the selling expenses and paying off the [debt on the] security system." (C.R. at 284.) The $76,000 figure represents money the husband had inherited from his father; that money, along with additional money the couple had saved, had been used to purchase the marital home.
Trial judges enjoy broad discretion in divorce cases, and their decisions are to be overturned on appeal only when they are "unsupported by the evidence or [are] otherwise palpably wrong." Jackson, supra. In this case, the Court of Civil Appeals reversed the trial judge's order awarding the husband the $76,000. The Court of Civil Appeals held that the money had been used for the common benefit of the parties during their marriage. Even though the money the husband had received by inheritance may have been used for the common benefit of the parties, it was nonetheless within the trial court's discretion to determine the most equitable distribution of the parties' property. The wife presents no convincing argument as to why the trial court's distribution of proceeds from the sale of the marital home constituted an abuse of discretion. Accordingly, we conclude that the Court of Civil Appeals erred in reversing the trial court's order distributing the proceeds from the sale of the marital home, and we reverse the judgment of the Court of Civil Appeals to the extent it reversed that order.

C. Initial Periodic Alimony
The husband also argues that the Court of Civil Appeals erred in reversing the trial court's order relating to initial periodic-alimony payments. The trial court ordered that "[t]he Husband ... pay to the Wife periodic alimony in the sum of $250.00 per month." (C.R. at 280.) The Court of Civil Appeals stated:
"The wife testified that although she had obtained a degree in education, she was not certified to teach; that it would take her approximately 2 to 3 years to become certified; and that she was working toward becoming certified. The wife also testified that, at the husband's insistence, she had not worked outside the home during the majority of the parties' 13 years of marriage."
796 So.2d at 338. The Court of Civil Appeals also noted that the mother's living expenses were approximately $2,500 per month and that she was earning gross wages of only $1,200 per month. Accordingly, the Court of Civil Appeals held that the trial court abused its discretion in awarding the wife only $250 a month in alimony.
We are mindful that "matters of alimony and property division are within the sound discretion of the trial court, and [that] absent a showing of abuse of that *345 discretion, the trial court's ruling on those matters will not be reversed." Franz v. Franz, 723 So.2d 61, 63 (Ala.Civ.App.1997). However, we also note, as did the Court of Civil Appeals, that "[t]he purpose of alimony is to preserve, as far as practical, the economic status quo the parties enjoyed during the marriage." Pickett v. Pickett, 723 So.2d 71, 74 (Ala.Civ.App.1998). Although we find this to be a close case on this point, we affirm that portion of the judgment of the Court of Civil Appeals reversing the trial court's award of periodic alimony.

D. The Husband's Anticipated Military-Retirement Benefits
The husband also argues that the Court of Civil Appeals erred in reversing the trial court's order awarding the wife 25% of his retirement benefits once they become available to him. The Court of Civil Appeals appears to have reversed that order so that on remand the trial court, in fashioning a new order, would have before it all matters concerning payments between the parties. We find no error in the Court of Civil Appeals' discussion of the husband's military-retirement benefits. Therefore, we affirm that portion of the judgment of the Court of Civil Appeals concerning the trial court's award of those benefits.

E. Attorney Fee
The husband also argues that the Court of Civil Appeals erred in awarding the wife an attorney fee. In her brief to the Court of Civil Appeals, filed on April 5, 1999, the wife made the following request: "Finally, the Appellant prays that this Court award her attorney fees and all legal costs associated with this appeal." It is this request, apparently, to which the Court of Civil Appeals was responding when it stated in its opinion: "The wife's request for an attorney fee is granted in the amount of $1,500." 796 So.2d at 340. It is within the authority of the Court of Civil Appeals to award an attorney fee for representation received by a party in proceedings before that Court. See Chancellor v. Chancellor, 52 Ala.App. 10, 288 So.2d 794 (1974). We see no reason to disturb that Court's award of the attorney fee in this case; that award is affirmed.

III. Summary
We reverse those portions of the judgment of the Court of Civil Appeals that reversed the trial court's order relating to the period of the wife's visitation and the trial court's order distributing the proceeds from the sale of the marital home. We affirm the judgment of the Court of Civil Appeals insofar as it relates to the other issues before us.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED.
HOOPER, C.J., and HOUSTON, COOK, SEE, LYONS, BROWN, and ENGLAND, JJ., concur.
JOHNSTONE, J., concurs in part and dissents in part.
JOHNSTONE, Justice (concurring in part and dissenting in part).
I concur insofar as the main opinion reverses the Court of Civil Appeals. I also concur in affirming the award of an attorney fee to the wife by the Court of Civil Appeals. I dissent from those aspects of the main opinion which affirm the Court of Civil Appeals in its reversal of certain aspects of the judgment by the trial court.